Donald E. BLANCHARD, Jr., Patricia S. Blanchard, Plaintiffs–Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Defendant–Appellee.

No. 89–3541.

United States Court of Appeals, Eleventh Circuit.

May 17, 1991.

C. Rufus Pennington, Margol & Pennington, P.A., Jacksonville, Fla., for plaintiffs-appellants.

Ada A. Hammond, Stephen E. Day, Taylor, Day & Rio, Jacksonville, Fla., for defendant-appellee.

Before FAY and COX, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

In accord with the joint request of the parties, we certified three questions to the Florida Supreme Court for resolution, *Blanchard v. State Farm Mutual Auto Ins. Co.*, 903 F.2d 1398 (11th Cir.1990). The first question was:

DOES AN INSURED'S CLAIM AGAINST AN UNINSURED MOTORIST CARRIER UNDER SECTION 624.-155(1)(b)(1)., FLORIDA STATUTES, FOR ALLEGEDLY FAILING TO SETTLE THE UNINSURED MOTORIST CLAIM IN GOOD FAITH ACCRUE BEFORE THE CONCLUSION OF THE UNDERLYING LITIGATION FOR THE CONTRACTUAL UNINSURED MOTORIST INSURANCE BENEFITS?

The Supreme Court of Florida has answered this question in the negative, *Blanchard v. State Farm Mutual Auto Ins. Co.*, 575 So.2d 1289 (Fla.1991).[1] Having done so the court found it unnecessary to answer questions two and three.

In accord with the now pronounced law of Florida, the judgment of the district court is vacated, and the motion to dismiss should be denied. The matter is remanded for further proceedings.

REVERSED, VACATED and REMANDED.

---

1. We are grateful to the Supreme Court of Florida for accepting this certification and giving us this guidance on the law of Florida.