[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13587

_____

D.C. Docket No. 06-00422 CV-ORL-31-JGG

ANNETTE FLORENCE,

Plaintiff-Appellant,

versus

CRESCENT RESOURCES, LLC, a foreign corporation,
RINEHART DEVELOPMENT & INVESTMENT GROUP, LLC,
a Florida corporation,

Defendants-Appellees.

_____

No. 06-13588

_____

D.C. Docket No. 06-00424 CV-ORL-31-JGG

WILLIAM BURKE,

Plaintiff-Appellant,

versus

CRESCENT RESOURCES, LLC, a foreign corporation,
RINEHART DEVELOPMENT & INVESTMENT GROUP, LLC,

a Florida corporation,

Defendants-Appellees.

_____

No. 06-13589

_____

D.C. Docket No. 06-00426 CV-ORL-31-JGG

LETHESA RELIFORD, as Personal Representative
for the Estate of Ceola Reliford,

Plaintiff-Appellant,

versus

CRESCENT RESOURCES, LLC, a foreign corporation,
RINEHART DEVELOPMENT & INVESTMENT GROUP, LLC,
a Florida corporation,

Defendants-Appellees.

_____

No. 06-14206

_____

D.C. Docket No. 06-00423 CV-ORL-31-JGG

ROBERT BURNS,

Plaintiff-Appellant,

versus

CRESCENT RESOURCES, LLC, a foreign corporation,
RINEHART DEVELOPMENT & INVESTMENT GROUP, LLC,
a Florida corporation,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(April 18, 2007)**

Before DUBINA and COX, Circuit Judges, and SCHLESINGER,[*] District Judge.

COX, Circuit Judge:

We address in these appeals the question of fraudulent joinder of a resident defendant in the context of removal jurisdiction. Applying the rule that any ambiguity or doubt about whether state law might impose liability on a resident defendant favors remand, we conclude that the district court should have remanded these cases to state court.

## I. PROCEDURAL HISTORY

Plaintiffs Annette Florence, William Burke, Robert Burns, and Lethesa Reliford as personal representative of the estate of Ceola Reliford filed individual lawsuits against Crescent Resources, LLC ("Crescent") and Rinehart Development

[*]Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

& Investment Group, LLC ("Rinehart") in Florida state court. The complaint in each case alleged that: (1) land owned by Crescent and Rinehart at the time the lawsuits were filed had been used by its previous owners as a manufacturing facility and waste water treatment plant; (2) each Plaintiff had sustained personal injury or death caused by exposure to hazardous substances that were stored on the land prior to Crescent's and Rinehart's ownership of it; and (3) Crescent and Rinehart were liable pursuant to § 376.313 Florida Statutes, a statute that creates a strict liability cause of action against owners of real property in Florida for damages caused by surface or ground water contaminants on the property.

Crescent removed the cases to federal court, alleging that jurisdiction existed over each case, pursuant to 28 U.S.C. § 1441, as the amount in controversy exceeded $75,000; Crescent was diverse from each Plaintiff; and Rinehart, a citizen of Florida, had been fraudulently joined in the lawsuits. In its notices of removal, Crescent stated (and Rinehart joined the argument) that Plaintiffs could not state causes of action under the Florida statute against Rinehart because, as a matter of law, Plaintiffs could prove no causal connection between Plaintiffs' exposure to hazardous substances, pollutants, and chemicals and Rinehart's use of the land, which it acquired years later.

Each Plaintiff moved to remand to state court, arguing that § 376.313, Fla. Stat. imposes strict liability on the owners of contaminated land and does not require Plaintiffs to prove any causal connection between their exposure to hazardous substances and the current owners' use of the land. At the very least, Plaintiffs argued, there was a possibility that their complaints stated causes of action under Florida law. Therefore, Plaintiffs concluded, Rinehart had not been fraudulently joined, its Florida citizenship destroyed diversity jurisdiction, and remand was proper.

Crescent opposed Plaintiffs' motions to remand. While the motions to remand were pending, Crescent filed motions to dismiss Plaintiffs' complaints with prejudice or, in the alternative, for summary judgment. In these filings, Crescent again argued that the Florida statute does not impose liability on property owners who acquire the property after a plaintiff's exposure to pollution on the property. It also argued that the Florida statute: (1) does not create a cause of action for personal injury, and (2) provides an affirmative defense – the Third Party Defense – that applied to bar Plaintiffs' claims against both Rinehart and Crescent. According to Crescent, the Third Party Defense, found at § 376.308(2)(d), Fla. Stat., required dismissal of Rinehart (as a fraudulently joined non-diverse Defendant) and judgment in favor of Crescent.

The district court denied Plaintiffs' motions to remand, dismissed Rinehart, and entered judgment for Crescent in each of the cases. In its orders, the district court adopted by reference the reasoning it expressed in a related case that alleged the same cause of action against Defendants, *Brottem v. Crescent Resources, LLC*, No. 6:06-cv-306-Orl-31KRS, 2006 WL 1529327 (M.D. Fla. May 24, 2006). In *Brottem*, the district court said that there was a "distinct possibility that a Florida court could find that a private cause of action exists under Florida law for the personal injury damages suffered by the Plaintiffs." *Id.* at *4. And, the court rejected Defendants' argument that Plaintiffs must prove that the pollution that caused their injuries was created by Defendants. *Id.* However, in *Brottem* and the cases now on appeal, the district court found that the statutory Third Party Defense barred the claims against Defendants.[1]

---

[1]In *Brottem*, the court stated that because Rinehart and Crescent acquired ownership of the land in question after the pollution occurred, they could not prove two elements of the statutory defense, namely that they: (1) exercised due care with respect to the pollutant in question; and (2) took precautions against foreseeable acts or omissions of the third party responsible for the discharge. *See* § 376.308(2)(d), Fla. Stat.; *Brottem*, 2006 WL 1529327, at *6 n.14. However, the district court decided that the consequence of subjecting innocent subsequent purchasers to liability could not have been intended by the Florida legislature. *Brottem*, 2006 WL 1529327, at *6. The district court concluded that it should interpret the Third Party Defense such that it nevertheless bars the actions against Rinehart. *Id.* Because there was no possibility that the Plaintiffs could state a valid claim against Rinehart, the court said, Rinehart was fraudulently joined and must be dismissed. *Id.*

6

Plaintiffs appeal the denial of their motions to remand and the judgments in favor of Crescent. We consolidated the four cases on appeal.

## II. ISSUES ON APPEAL & CONTENTIONS OF THE PARTIES

Plaintiffs argue that their complaints state viable claims under the Florida statute against both Rinehart and Crescent, claims that are not barred by the statutory Third Party Defense. At the very least, they argue, the complaints present colorable claims under Florida law. Thus, they argue that their cases should have been remanded to state court because Rinehart (the non-diverse Defendant) was not fraudulently joined, there was not complete diversity between the parties, and the district court lacked subject matter jurisdiction. For the same reasons, Plaintiffs also argue that the district court erred in granting summary judgment to Crescent.

Rinehart and Crescent argue that the district court properly concluded that Plaintiffs could not maintain a cause of action against them pursuant to § 376.313, Fla. Stat. They argue that the Florida statute does not impose liability on owners of real property for personal injuries caused by a plaintiff's exposure to hazardous waste or toxic chemicals prior to the defendant's ownership of the property. And, they argue that the statutory Third Party Defense bars the Plaintiffs' claims against them. Therefore, they conclude, the district court did not err in dismissing Rinehart, denying the motions to remand, and granting summary judgment for Crescent.

Concluding that the court erred in denying Plaintiffs' motions to remand, we address only the jurisdictional issues in this case.

### III. STANDARD OF REVIEW

We review denial of a plaintiff's motion to remand de novo. *See Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citing *Pacheco de Perez v. AT&T Corp.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).

### IV. DISCUSSION

"When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed. Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship." *Henderson*, 454 F.3d at 1281 (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, __, 126 S. Ct. 606, 613 (2005); 28 U.S.C. § 1441(b)). However, if a defendant shows that "there is no possibility the plaintiff can establish a cause of action against the resident defendant," then the plaintiff is said to have fraudulently joined the non-diverse defendant. *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).[2] In that situation, the federal court

---

[2] A defendant may also demonstrate fraudulent joinder by showing, by clear and convincing evidence, that "the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Henderson*, 454 F.3d at 1281. Crescent has not argued that Plaintiffs fraudulently

8

must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court. *Id.*

Crescent removed these cases to federal court based solely on its allegation that diversity jurisdiction exists in the federal court. Thus, in the face of Plaintiffs' motions to remand, Crescent had to demonstrate that Rinehart (a citizen of Florida) was fraudulently joined in the cases. As we stated in *Henderson*, "the district court was correct to deny the motion to remand only if there was *no possibility* that [the Plaintiffs] could have maintained a cause of action against [the resident defendant] in . . . state court." 454 F.3d at 1281-82.

We turn now to consideration of the cause of action asserted in Plaintiffs' complaints. Section 376.313, Fla. Stat. states, in pertinent part:

> (3) . . . [N]othing contained in [sections] 376.30-376.319 prohibits any person from bringing a cause of action in a court of competent jurisdiction for all damages resulting from a discharge or other condition of pollution covered by [sections] 376.30-376.319. Nothing in this chapter shall prohibit or diminish a party's right to contribution from other parties jointly or severally liable for a prohibited discharge of pollutants or hazardous substances or other pollution conditions. Except as otherwise provided in subsection (4) or subsection (5), in any such suit, it is not necessary for such person to plead or prove negligence in any form or manner. Such person need only plead and

---

pled jurisdictional facts; rather, it has pursued only the argument that there is no possibility Plaintiffs could establish a cause of action against Rinehart under the Florida law.

> prove the fact of the prohibited discharge or other pollutive condition and that it has occurred. The only defenses to such cause of action shall be those specified in [section] 376.308.

The plain language of the statute does not indicate whether a plaintiff can maintain a personal injury cause of action against a defendant that acquires polluted property <u>after</u> the plaintiff's exposure. To support their contention that they can maintain such an action, Plaintiffs cite *Aramark Uniform and Career Apparel, Inc. v. Easton*, 894 So. 2d 20 (Fla. 2004), which holds that the statute creates a strict liability cause of action. In *Aramark*, the Florida Supreme Court stated that section 376.313 "creat[es] a damages remedy for the non-negligent discharge of pollution <u>without proof that the defendant caused it</u>." *Id.* at 24 (emphasis added). However, *Aramark* does not state that a personal injury plaintiff can maintain the statutory cause of action against a defendant who not only did not cause the pollution but also did not own the contaminated property at the time the plaintiff was exposed to the pollution. On the other hand, *Aramark* does not eliminate the possibility that such a claim is viable. And, Defendants cite no other Florida statute or case that does so. As the district court said, there is a "distinct possibility that a Florida court could find that a private cause of action exists under Florida law for the personal injury damages suffered by the Plaintiffs." *Brottem*, 2006 WL 1529327, at *4. But, it is also possible

that a Florida court could find otherwise, holding that, in order to be held liable, a defendant must have owned the property at the time of plaintiff's exposure to the pollution. Florida law is unclear on this point.

Defendants argue, and the district court found, that Plaintiffs cannot maintain a cause of action against them because the statutory Third Party Defense acts as a total bar to Plaintiffs' claims against both Rinehart and Crescent.[3] That affirmative defense allows a defendant to escape liability by proving that: (1) the pollution was solely the result of an act or omission of a third party unrelated to the defendant, (2) the defendant "exercised due care with respect to the pollutant concerned, taking into consideration the characteristics of such pollutant, in light of all relevant facts and circumstances," and (3) the defendant "took precautions against any foreseeable acts or omissions of any such third party and against the consequences that could foreseeably result from such acts or omissions." § 376.308(2)(d), Fla. Stat. The district court acknowledged that owners like Rinehart, who later acquire contaminated property, cannot prove the last two elements of the Third Party Defense as enumerated in the statute. *Brottem*, 2006 WL 1529327, at \*6 n.14. In finding that the defense should nonetheless apply to bar actions against those defendants, the

---

[3]We have acknowledged that, under some circumstances, application of an affirmative defense can support a finding of fraudulent joinder. *See Henderson*, 454 F.3d at 1283-84.

11

district court posited an answer to the question that we find remains unanswered in Florida law: whether a cause of action for personal injury caused by environmental contamination can be maintained against property owners who did not own the property at the time of the plaintiff's exposure to the contamination.

As we have previously cautioned, on a motion for remand, the federal court's analysis "must be limited to determining whether Plaintiffs have even an arguable claim. So, any ambiguity or doubt about the substantive state law favors remand to state court." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997). We hold that, if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary. *Henderson*, 454 F.3d at 1284; *Crowe*, 113 F.3d at 1540; *see also Parks v. The New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962) ("[D]etermination of fraudulent joinder is to be based on whether there was a real intention on colorable grounds to procure a joint judgment. Doubt as to whether under the state law a case of joint liability is stated . . . will not render the joinder fraudulent.").[4]

_____

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Because we conclude that Florida law is unclear as to whether Rinehart and Crescent could, as a matter of law, be held liable for personal injury damages suffered by Plaintiffs as a result of their exposure to environmental contaminants prior to the Defendants' ownership of the contaminated land, the district court erred in concluding that Rinehart was fraudulently joined.[5] Because Rinehart is a citizen of Florida, complete diversity does not exist, and the district court lacked subject matter jurisdiction to adjudicate the cases. The motions to remand should have been granted.

## V. CONCLUSION

For the foregoing reasons, the dismissals and judgments are vacated, and the cases are remanded to the district court with instructions to remand them to the state court for further proceedings.

VACATED AND REMANDED.

---

[5]The district court may have reached the correct conclusion in holding that Florida law does not impose liability on a defendant that did not own the contaminated property at the time of a plaintiff's exposure to the contamination. We express no opinion as to whether that conclusion is correct; we simply observe that it is not mandated by existing Florida law.

13