FONTAINEBLEAU GARDENS CONDOMINIUM ASSOCIATION, INC., Plaintiff,

v.

PACIFIC INSURANCE COMPANY, LIMITED, Defendant.

Case No. 11–20552–CIV.

United States District Court, S.D. Florida, Miami Division.

April 27, 2011.

Benjamin Raul Alvarez, Eduardo Gomez, Jorge Luis Carbonell, Jr., Alvarez Carbonell Feltman Jimenez & Gomez PL, Coral Gables, FL, for Plaintiff.

Joseph Richard Miele, Jr., Hinshaw & Culbertson LLP, Fort Lauderdale, FL, for Defendant.

### ORDER

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court on Plaintiff, Fontainebleau Gardens Condominium Association, Inc.'s ("Fontainebleau['s]") Motion to Join Party Defendants and Remand to State Court (the "Motion") [ECF No. 12] filed on March 19, 2011. The Court has carefully considered the parties' written submissions, the pleadings, and the applicable law.

### I. BACKGROUND

This case arises from a dispute concerning an insurance claim made by Fontainebleau pursuant to a homeowner's insurance policy (the "Policy") issued to it by Defendant, Pacific Insurance Company, Limited ("Pacific"). (*See* Am. Compl. ¶ 7 [ECF No. 12–1] ). Under the terms of the Policy, Pacific agreed to insure Fontainebleau's property, located at 8075 N.W. 7th

Street, Miami, Florida, against certain losses. (*See id.* ¶ 8). On October 24, 2005, Fontainebleau's property sustained windstorm damage as a result of Hurricane Wilma. (*See id.* ¶ 9). Fontainebleau subsequently filed an insurance claim with Pacific seeking payment for the windstorm damage in accordance with the terms of the Policy. (*See id.* ¶ 11). Pacific assigned an insurance adjuster to the claim, who visited Fontainebleau's property to inspect the windstorm damage. (*See id.* ¶¶ 10–11). Thereafter, Pacific denied the insurance claim and refused to provide coverage or issue any payment to Fontainebleau. (*See id.* ¶¶ 11–12). Fontainebleau "repeatedly asked [Pacific] to reconsider its decision," however, Pacific continued to deny the insurance claim. (*Id.* ¶ 12).

On October 20, 2010, Fontainebleau filed this breach of contract lawsuit against Pacific in Florida state court. (*See* Compl. ¶¶ 14–18 [ECF No. 1–2] ). On February 17, 2011, Pacific filed a Notice of Removal (the "Notice") [ECF No. 1]. (*See* Notice). Thereafter, Fontainebleau filed the present Motion seeking joinder of non-diverse party defendants and, assuming such joinder is granted, remand of the lawsuit to state court. (*See* Mot.). Fontainebleau seeks to join the following non-diverse party defendants: the underwriters of the Policy, Delta Insurance Underwriters, Inc. ("Delta"); Pacific surplus lines agent, Janet Monko ("Monko"); Pacific producing agent, Jean Frandsen ("Frandsen"); Pacific executive general adjuster, Tracy Mednick ("Mednick"); and Pacific field adjuster, John Doe ("Doe").[1] (*See* Mot. ¶¶ 15, 19–20). Because all but one of the additional party defendants are citizens of Florida, joining them to the present case "will destroy complete diversity between

the parties" and will divest the Court of subject-matter jurisdiction. (Mot. ¶ 14). Accordingly, Fontainebleau also seeks remand of the lawsuit to state court. (*See* Mot. 3, 5, 7).

## II. LEGAL STANDARD

### A. Post–Removal Joinder

■ Title 28, United States Code, section 1447 specifically addresses the issue of a plaintiff's post-removal request for joinder of a non-diverse party defendant. *See* 28 U.S.C. § 1447(e). Section 1447(e) provides "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to [ ][s]tate court." *Id.* Thus, under section 1447(e), a post-removal request to join a non-diverse party defendant "is left to the discretion of the district court...." *Dean v. Barber,* 951 F.2d 1210, 1215 (11th Cir.1992); *see also Anderson v. Tyus,* No. 4:06–CV–4–SPM/WCS, 2008 WL 4525143, at *2 (N.D.Fla. Sept. 30, 2008) ("The decision of whether to allow a [p]laintiff to join additional defendants is .... left to the discretion of the district court.").

> When considering a request to add a non-diverse defendant under [section] 1447(e), a court should consider factors such as: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities.

*Martinez v. Ethicon Endo–Surgery, Inc.,* No. 11–60258–CIV, 2011 WL 1114276, at

---

1. In determining complete diversity for purposes of removal, the citizenship of a fictitious defendant, is disregarded. *See* 28 U.S.C. § 1441(a). Nevertheless, the Court addresses the claim against Doe. (*See* Am. Compl. ¶¶ 8, 20, 36–39).

*2 (S.D.Fla. Mar. 24, 2011) (quoting *Henry v. K–Mart Corp.*, No. 8:10–cv–2105–T–33MAP, 2010 WL 5113558, at *1–2 (M.D.Fla. Dec. 9, 2010)) (internal quotation marks omitted).

## B. Motion to Remand

"Federal courts are courts of limited jurisdiction. Federal subject matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties." *Id.* at *1 (citing 28 U.S.C. §§ 1331–32) (citations omitted). The present case was removed to on the basis of diversity of citizenship. (*See* Notice ¶ 12). The requirements of diversity jurisdiction are met when "the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs." *Martinez*, 2011 WL 1114276, at *1. Moreover, complete diversity is required such that "every plaintiff must be diverse from every defendant." *Id.* (quoting *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir.1994)) (internal quotation marks omitted). Accordingly, the Court must remand the case to state court if it determines that the requirements of diversity jurisdiction do not exist.[2] *See id.*

## III. ANALYSIS

Fontainebleau asserts joinder of the additional non-diverse party defendants "is necessary for a proper outcome of the instant lawsuit and a full adjudication of all causes of action." (Mot.¶ 14). In its Response in Opposition to the Motion (the "Response"), Pacific argues that Fontainebleau's Motion "presents the classic case of fraudulent joinder." (Resp. 1). Pacific accuses Fontainebleau of seeking to join the non-diverse party defendants "for the sole purpose of defeating diversity jurisdiction." (*Id.* at 2). In support of this contention, Pacific asserts that the Amended Complaint does not state any valid claims against the additional non-diverse party defendants. (*See id.* at 3, 5, 7, 8).

## A. Fraudulent Joinder

■ When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a 'fraudulent joinder' and a federal court may appropriately assert its removal diversity jurisdiction over the case.

*Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir.2006) (citation omitted).

■ To establish the fraudulent joinder of a co-defendant, a defendant must show either "(1) there is no possibility the plaintiff can establish a cause of action against the [non-diverse] defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the [non-diverse] defendant into state court." *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997)) (internal quotation marks omitted). In the present case, Pacific does not assert that Fontainebleau has fraudulently pleaded jurisdictional facts. Rather, Pacific argues that Fontainebleau's Amended Complaint does not state valid claims against any of the non-diverse party defendants. Thus, the Court focuses on the first prong of the fraudulent-joinder test.[3]

---

2. In the present case, the parties do not dispute that the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. In making this determination, the Court construes the factual allegations in the light most favorable to the plaintiff and resolves any uncertainties about state law in its favor.

■ With respect to the first prong, a district court's denial of a motion to remand is proper only if there is no possibility that the plaintiff can state a valid claim against the non-diverse defendant in state court. *See id.* at 1281–82; *see also Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 n. 2 (11th Cir.2007) (citing *Henderson*, 454 F.3d at 1281). "[I]f there is any possibility that the state law might impose liability on a non-diverse defendant under the circumstances alleged in the complaint, the [district] court cannot find that joinder of the non-diverse defendant was fraudulent...." *Florence*, 484 F.3d at 1299. If a plaintiff's claim is arguable, or if there is "any ambiguity or doubt about the substantive state law," fraudulent joinder has not been shown and the motion to remand should be granted. *Id.* at 1298–99; *see also Taylor Newman Cabinetry*, 2010 WL 4941666, at *5 (" 'The plaintiff need not have [a] winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.' ") (quoting *Tran v. Waste Mgmt., Inc.* 290 F.Supp.2d 1286, 1292 (M.D.Fla.2003)).

### B. Under Florida Law, Fontainebleau Does Not State a Valid Claim Against Mednick and Doe

In Claims III and IV of the Amended Complaint, Fontainebleau asserts negligence claims against Mednick and Doe. Fontainebleau alleges Mednick and Doe (1) had a duty to Fontainebleau as the Pacific adjusters assigned to its claim; (2) breached that duty when they "failed to properly adjust and asses[s] [Fontainebleau's] claim;" and (3) as a result of this breach, directly and proximately caused damages to Fontainebleau. (Am. Compl. ¶¶ 32–39).

■ While the Amended Complaint correctly states the elements of a cause of action for negligence, "Florida law does not recognize a cause of action by an insured against an independent insurance adjuster in simple negligence...." *King v. Nat'l Sec. Fire & Cas. Co.*, 656 So.2d 1338, 1339 (Fla. 4th DCA 1995). Thus, there is no possibility that Fontainebleau, as Pacific's insured, can assert a valid state-law claim for negligence against Mednick and Doe, who were the Pacific adjusters assigned to Fontainebleau's claim. Accordingly, Mednick and Doe were fraudulently joined and remand should not be granted on the basis of their joinder.

### C. Under Florida Law, Fontainebleau Does Not State a Valid Claim Against Delta, Monko, and Frandsen

In Claim II of the Amended Complaint, Fontainebleau asserts negligence claims against Delta, Monko, and Frandsen. Fontainebleau alleges Delta, Monko, and Frandsen (1) had a duty to Fontainebleau as the Pacific agents assigned to its claim; (2) breached that duty when "they failed to explain [Fontainebleau's] rights and obligations under the Polic[y]" and when they sold Fontainebleau the Policy, which did not adequately insure Fontainebleau for hurricane damages; and (3) as a result of this breach, directly and proximately caused damages to Fontainebleau. (Am. Compl. ¶¶ 27–31). As alleged, Fontainebleau's claim against Delta, Monko, and Frandsen is one of negligent failure to procure insurance coverage.

■ Under Florida law, "[an agent's] negligent failure to procure *requested* in-

---

*See Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.,* No. 6:10–cv–1445–Orl– 22DAB, 2010 WL 4941666, at *4 (M.D.Fla. Nov. 3, 2010).

surance coverage is a valid claim...." *Wachovia Ins. Servs., Inc. v. Toomey*, 994 So.2d 980, 990 n. 4 (Fla.2008) (emphasis added); *see also Caplan v. La Chance*, 219 So.2d 89, 90 (Fla. 3d DCA 1969); *Adams v. Aetna Cas. & Sur. Co.*, 574 So.2d 1142, 1155 (Fla. 1st DCA 1991) ("It is settled law that an insurance agent ... [may incur] liability ... from a negligent failure to obtain coverage which is *specifically requested* or clearly warranted by the insured's *expressed* needs.'") (emphasis added) (quoting *Warehouse Foods, Inc. v. Corporate Risk Mgmt. Servs., Inc.*, 530 So.2d 422 (Fla. 1st DCA 1988)). However, "[u]nder Florida law, an insured's cause of action against an agent for negligence does not accrue until the proceedings against the insurer are final." *Looney v. Protective Life Ins. Co.*, No. 8:07–cv–1020–T–17TBM, 2007 WL 2669190, at *4 (M.D.Fla. Sept. 6, 2007) (citing *Blumberg v. USAA Cas. Ins. Co.*, 790 So.2d 1061 (Fla.2001)).

Fontainebleau contends "[n]ot permitting [its] amendment would force [it] to file several additional lawsuits in State Court .... [which] would be a waste of the Court's time and resources." (Reply 5 [ECF No. 24]). The Court agrees that requiring Fontainebleau to file separate

lawsuits is a waste of time and resources; however, that is what the law of Florida requires.[4] *See Blumberg*, 790 So.2d at 1065. In *Sperling v. Banner Life Ins. Co.*, "[t]he Court note[d] a division among federal district courts in Florida regarding the appropriateness of remand under similar factual circumstances." No. 10–22289–CIV, 2010 WL 4063743, at *2 (S.D.Fla. Oct. 14, 2010). *Sperling* suggested the division had arisen because "Florida law is unclear regarding whether a premature negligence or malpractice claim against an insurance agent should be abated or stayed or, rather, dismissed without prejudice while an underlying action to determine insurance coverage is ongoing." *Id.* at *3. The court in *Sperling* "resolve[d] the ambiguity in Florida law in favor of the Plaintiffs and remand[ed] this action because there is a possibility that a state court would find that the Amended Complaint states a cause of action." *Id.* at *3.

■ Rather than wade into the state-law debate about whether it is appropriate to stay or abate the claims against the agents (and destroy diversity jurisdiction) or dismiss the claims without prejudice (and retain diversity jurisdiction), the

---

4. In federal court, Rule 18(b) governs the joinder of contingent claims. FED.R.CIV.P. 18(b) ("A party may join two claims even though one of them is contingent on the disposition of the other."). However, "the joinder of a contingent claim may raise some concern as to its possible impact on the applicable substantive law," and "[i]n general, the federal courts ... have rejected the argument that Rule 18(b) permits the insurance company's joinder for the purpose of determining the contingent claim against it." 6A Wright & Miller § 1594 ("The injured party clearly has a right at some stage to proceed against the insurer on the policy. Precisely when this point occurs is a question of substantive law to be determined according to the law of the state in which the federal court is located."). *But see Millers' Nat'l Ins. Co., Chi., Ill. v. Wichita Flour Mills Co.*, 257 F.2d 93, 104

(10th Cir.1958) ("If the position taken by Lloyd's is correct, then it would seem that the action on the Lloyd's policies was premature as that liability could not arise, ... until it was determined that there was liability under the Mill Mutuals' policies. However[,] Rule 18(b) of the Federal Rules of Civil Procedure covers this situation.'"). Although the Court believes these types of claims could be joined into the same lawsuit to save time and resources, the Eleventh Circuit considers requirements such as the accrual rule established by *Blumberg* to be substantive state law rights. *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 931 F.2d 789, 789 (11th Cir. 1991) (citing *Blanchard v. State Farm Mutual Auto. Ins. Co.*, 575 So.2d 1289, 1291 (Fla. 1991) (holding the question of joinder was moot because cause of action for bad faith did not accrue until liability was determined)).

 

Court will exercise its discretion under section 1447 to deny joinder. *See* § 1447(e). Plaintiff's proposed joinder of Delta, Monko, and Frandsen is not a case of joinder of indispensable parties; it may, as it admits, file a separate claim against them in state court. Notably however, denying joinder of the negligence claims against Delta, Monko, and Frandsen will not create parallel proceedings because Plaintiff will have to await resolution of this case—that is, wait for the negligence claims to mature—before filing those claims. *See Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987) ("Justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits."). Moreover, denying joinder is appropriate because if the Court allowed the negligence claims against the agents to be joined, the case would be remanded to state court, where the joined claims would then be dismissed or abated—that is, Plaintiff would not obtain a resolution of those claims any faster or more efficiently in state court due to Florida's restrictions on contingent claims in insurance actions. Accordingly, denying joinder of Delta, Monko, and Frandsen does not cause significant injury to Plaintiff. *See Martinez,* 2011 WL 1114276, at *2 ("When considering a request to add a non-diverse defendant under § 1447(e), a court should consider factors such as ... 'whether the plaintiff will be significantly injured if the amendment is not allowed.'"); *see also Hensgens,* 833 F.2d at 1182.

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Fontainebleau's Motion to Join Party De-

fendants and Remand to State Court [ECF No. 12] is **DENIED.**