Beau **TOSKICH**, Lila **Toskich**, Wilfrid **O'Callaghan**, Shane **Moyer**, Julie and David **Mashia**, and Karen **Martin**, Plaintiffs,

v.

**J.H. INVESTMENT SERVICES, INC., and Jackson Hewitt, Inc., Defendants.**

Case No. 8:11–cv–616–T–30TBM.

United States District Court, M.D. Florida.

May 13, 2011.

James H. Burgess, Jr., Burgess, Harrell, Mancuso, Olson & Colton, PA, Sarasota, FL, Robert L. Parks, Coral Gables, FL, Robert Edwin Turffs, Robert E. Turffs, PA, Sarasota, FL, for Plaintiffs.

### *ORDER*

JAMES S. MOODY, JR., District Judge.

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Remand (Dkt.

12) and Defendant Jackson Hewitt, Inc.'s Response in Opposition (Dkt. 15). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied because Defendant J.H. Investment Services, Inc. was fraudulently joined.

## BACKGROUND

Plaintiffs initiated this action in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida. The complaint alleges claims of negligence, agency, and apparent agency against Defendant Jackson Hewitt, Inc. ("Jackson"), a Virginia corporation, with its principal place of business in New Jersey. Plaintiffs' complaint also includes claims of fraud and civil conspiracy to commit fraud against Defendant J.H. Investment Services, Inc. ("J.H."), a Florida corporation in Chapter 11 bankruptcy. Plaintiffs' complaint did not contain any information regarding the domicile of any Plaintiff. Accordingly, Jackson served Plaintiffs with Requests for Admissions regarding each Plaintiff's domicile and, on February 24, 2011, Plaintiffs served their Answers and admitted that each Plaintiff was neither a resident of New Jersey nor of Virginia at the date of the commencement of the state court action.

On March 23, 2011, Jackson removed the state court action to this Court, which was within thirty days of the date Jackson received Plaintiffs' Answers to Jackson's Requests for Admissions. Jackson also removed based on the fraudulent joinder of J.H., which had been the subject of an involuntary Chapter 11 bankruptcy petition in May 2007, more than two years before Plaintiffs initiated this action.

This case is now at issue upon Plaintiffs' Motion to Remand, filed on April 21, 2011, and Jackson's Response in opposition filed on May 6, 2011. Although not a model of clarity, Plaintiffs attempt to argue that Jackson's fraudulent joinder argument fails because Jackson did not meet its burden in demonstrating that there is no possibility Plaintiffs can prove a cause of action against the non-diverse defendant, J.H. Plaintiffs also assert a number of arguments under the abstention doctrine, which the Court will not discuss because it is inapplicable to the narrow issue of whether J.H. was fraudulently joined to defeat diversity. Notably, there is no dispute as to the amount in controversy and Jackson points out that the claim of at least one of the Plaintiffs in this case exceeds the $75,000 jurisdictional threshold.

## DISCUSSION

A civil case filed in a state court may be removed to federal court by a defendant if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996). When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed. *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir.2007). Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts. *Univ.*

*of S. Ala. v. Am. Tobacco,* 168 F.3d 405, 411 (11th Cir.1999).

"An action may nevertheless be removable if the joinder of the non-diverse party ... [was] fraudulent." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998). There are three situations where joinder may be deemed fraudulent: (1) when there is no possibility the plaintiff can prove a cause of action against the non-diverse defendant, (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts, and (3) when a diverse defendant is joined with a non-diverse defendant to whom there is no joint, several, or alternative liability and where the claims against the diverse and non-diverse defendants have no real connection to each other. *Id.* Defendants in the instant case have asserted that Plaintiffs cannot prove a cause of action against J.H., the only non-diverse defendant.

In evaluating this type of fraudulent joinder claim, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440–41 (11th Cir.1983). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs,* 154 F.3d at 1287. The potential for legal liability "must be reasonable, not merely theoretical." *Legg v. Wyeth,* 428 F.3d 1317, 1325 (11th Cir.2005) (*citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002)). In considering *possible* state law claims, possible must mean "more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role." *Id.*

"[T]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties.*" *Legg,* 428 F.3d at 1322–23 (emphasis in the original) (*citing Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1380 (11th Cir.1998)). The proceeding appropriate "for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)." *Id.* (*citing Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997)). In such a proceeding, the district court must "resolve all questions of fact ... in favor of the plaintiff." *Id.* (*citing Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989)).

Although there is a dearth of case law on the issue of fraudulent joinder in the context of a bankruptcy petition filed by the nondiverse party, the Court finds the recent case of *South Dallas Water Authority v. Guarantee Co. of North America, USA,* 767 F.Supp.2d 1284 (S.D.Ala.2011), instructive on this point. In *South Dallas,* the court noted that fraudulent joinder applied to a nondiverse defendant that was placed in bankruptcy *prior to* the plaintiff's filing of the state court action against the nondiverse defendant. *Id.* at 1294–98. The court relied on Eleventh Circuit precedent that held "[a] debtor who has filed for Chapter 11 bankruptcy enjoys an automatic stay against actions to enforce, collect, assess or recover claims against the debtor or against property of the estate." *Id.* (*citing U.S. v. White,* 466 F.3d 1241, 1244 (11th Cir.2006)). The filing of an action against the nondiverse party after the filing of the petition rendered the action "void and without effect." *White,* 466 F.3d at 1244.

Here, J.H. was the subject of an involuntary Chapter 11 bankruptcy petition in May 2007, more than two years before Plaintiffs initiated this action. The bankruptcy was still pending when this case was filed in state court and Plaintiffs did not seek relief from the automatic stay to file this suit against J.H. Given this timing, the joinder of J.H. as a party is without effect. Accordingly, Plaintiffs' Motion to Remand must be denied because J.H. was fraudulently joined to defeat diversity.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion to Remand (Dkt. 12) is hereby DENIED.

2. Defendant Jackson's Motion to Dismiss Claims of Julia and David Mashia for Lack of Subject Matter Jurisdiction Filed in State Court (Dkt. 7) is hereby TERMINATED AS MOOT.

3. Defendant J.H. Investment Services, Inc. is DISMISSED without prejudice and should be terminated from this case.