IBIS VILLAS AT MIAMI GARDENS
CONDO ASS'N, INC., Plaintiff

v.

ASPEN SPECIALTY INSURANCE
CO., et al., Defendants.

Case No. 11–20469–CIV.

United States District Court,
S.D. Florida,
Miami Division.

May 24, 2011.

Benjamin Raul Alvarez, Brian Christopher Costa, Alvarez Carbonell Feltman Jimenez & Gomez PL, Coral Gables, FL, for Plaintiff.

William S. Berk, John Robert Anderson, Berk Merchant & Sims PLC, Coral Gables, FL, Anaysa Gallardo, Cozen O'Connor, Miami, FL, for Defendants.

## ORDER DENYING MOTION TO JOIN PARTY DEFENDANTS AND TO REMAND CASE TO STATE COURT

ADALBERTO JORDAN, District Judge.

For the reasons stated below, Ibis Villas' motion to join party defendants and to remand the case to state court [D.E. 10] is denied,

### I. BACKGROUND

In October of 2010, Ibis Villas filed a one-count complaint against Aspen Speciality Insurance Co. and James River Insurance Co. in Florida state court for breach of contract. Ibis Villas alleges that the defendants have breached insurance policies issued to it by failing to provide coverage or payment for damages it sustained to its property on October 24, 2005, due to Hurricane Wilma. The defendants were served with the complaint on January 20, 2011, and on February 10, 2011, removed the case to this court based on diversity jurisdiction. *See* 28 U.S.C. § 1332.

On March 14, 2011, Ibis Villas moved, under 28 U.S.C. § 1447(e), to join additional defendants to this action—the insurance agents (All Risks, Ltd. and Dawn Belin) and broker (Miriam Cabeza) for the policies. The proposed amended complaint asserts negligence claims against the additional defendants based on their failure to ensure that the insurance policies issued to Ibis Villas provided sufficient coverage for the subject properly. Because the addition of Ms. Belin and Ms. Cabeza (both citizens of Florida) would destroy this court's diversity jurisdiction over the action, Ibis Villas concomitantly seeks to remand the action back to Florida state court.

### II. ANALYSIS

Under 28 U.S.C. § 1447(e), "[i]f after removal [a] plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Thus, a district court deciding whether to permit or deny the joinder of a non-diverse party has only two options: (1) deny joinder or (2) permit the joinder and remand the case to state court. *See Ingram v. CSX Transp., Inc.,* 146 F.3d 858, 862 (11th Cir.1998). In making this determination, a district court must balance competing interests-the danger of parallel federal and state proceedings and the defendant's interest in retaining the federal forum. *See Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987). To that end, a district court should consider "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether

plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities." *See Seropian v. Wachovia Bank, N.A.,* 2010 WL 2822195, at *3 (S.D.Fla.2010) (citing *Hensgens* and listing the factors set forth in that decision); *Martinez v. Ethicon Endo–Surgery, Inc.,* 2011 WL 1114276, at *2 (S.D.Fla.2011) (listing same factors). *See also Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 759 (7th Cir.2009) (listing the same factors in *Hensgens* ); *Bailey v. Bayer CropScience L.P.,* 563 F.3d 302, 309 (8th Cir.2009) (same); *Mayes v. Rapoport,* 198 F.3d 457, 462 (4th Cir.1999) (same).

The defendants argue that Ibis Villas' proposed joinder should be denied because it is a disingenuous and fraudulent attempt to destroy diversity jurisdiction and send the matter back to state court. In support of this contention, the defendants note the timing of the proposed joinder (after removal but before discovery), that the proposed claims against the additional defendants are either barred or not yet ripe, and that counsel for Ibis Villas—Alvarez, Carbonell, Feltman, Jimenez, & Gomez PL—has filed the exact same motion in at least six other similar cases in this district (including two actions over which I preside). Taking into consideration the factors set forth in *Hensgens,* I agree with the defendants that Ibis Villas should not be permitted to join the additional defendants.

The timing and substance of the proposed amendments strongly supports a finding that Ibis Villas' sole motivation was destroying diversity jurisdiction. A motion to join non-diverse defendants made immediately after the case is removed, and before discovery has commenced, should be looked at carefully because one implication is that it has been undertaken with the specific purpose of destroying federal

jurisdiction. *See Mayes,* 198 F.3d at 463 ("We emphasize that the district court was correct to carefully scrutinize Mayes's attempt to add a nondiverse defendant after removal. Especially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction."); *Kenneth Alleyne, et al. v. American Security Ins. Co.,* Order Denying Motion to Amend Complaint to Add Defendants and to Remand Case to State Court, Case No. 11–60302–Civ–Dimitrouleas [D.E. 9 at 5] ("Court[s] should be very suspicious of the timing of an amendment where, as here, a plaintiff seeks to add a non-diverse defendant directly after removal but before additional discovery.") (citation omitted); *Vazquez v. Lowe's Home Centers, Inc.,* 2007 WL 128823, at *1 (M.D.Fla.2007) ("The fact that Plaintiffs seek to add the non-diverse defendants only after [the Defendant] removed the case to federal court 'strongly indicates that the purpose of the [Plaintiffs] amendment is to defeat federal jurisdiction.' "). Ibis Villas says that it did not include the proposed additional defendants in the original complaint because it was unable to fully investigate all potential claims as a result of a looming statute of limitations deadline. But this explanation does not pass muster.

Ibis Villas cannot reasonably argue that it did not know or should not have known of its potential claims against the brokers and/ or agents at the time it filed the complaint or before the case was removed *See Seropian,* 2010 WL 2822195, at *3 ("In determining whether the purpose of attempting to add a non-diverse defendant post-removal has been to destroy federal jurisdiction, courts often look to see whether the plaintiff was aware or should have been aware of the non-diverse defendant

at the time the suit was filed.") (citations omitted). This is because the substance of Ibis Villas' proposed claims against the brokers and/ or agents is merely an off-shoot of its claims against the insurance companies. Ibis Villas' claims against its insurers are for failure to provide coverage under the policies, and its proposed additional claims against the brokers and/ or agents are for failure to properly explain the terms of the policies and to secure policies with sufficient coverage. Certainly, devising these additional causes of action was neither complex nor time-consuming. And an extensive investigation was obviously not required to ascertain the identity of the brokers and/ or agents. In fact, Ibis Villas does not argue that adding the proposed claims and defendants was difficult.

Moreover, Ibis Villas had more than ample time to conduct the requisite pre-suit "investigation." Hurricane Wilma occurred almost six years ago (in October of 2004), and the original complaint was filed three full months before the defendants removed the action. As a result, the only reasonable explanation for the timing of Ibis Villas' motion for joinder is that it was designed to destroy jurisdiction and remand this matter back to state court. If not, Ibis Villas would have included the proposed additional defendants in the original complaint.

Ibis Villas' explanation is further undermined by the conduct of its counsel in other related matters. The law firm representing Ibis Villas filed almost the exact same motion in at least six other cases in this district—all of them in almost identical cases (condominium associations bringing suit against their insurers for failure to provide coverage for damages due to Hurricane Wilma) and in the same week. *See Oriole Gardens Condominiums III v. Independence Casualty and Surety Co.,* et al., Case No. 11–60294–Civ–Huck [D.E. 7];

*Alleyne, et al. v. American Surety Ins. Co.,* Case No. 11–60302–Civ–Demitrouleas [D.E. 7]; *View West Condominium Ass'n, Inc. v. Aspen Specialty Ins. Co.,* Case No. 11–20423–Civ–Seitz [D.E. 5]; *Lakes of the Meadow Village Homes MM Ass 'n, Inc. v. Lexington Ins. Co.,* Case No. 11–20491–Civ–Jordan [D.E. 12]; *Fontainebleau Gardens Condominium Ass'n, Inc. v. Pacific Ins. Co.,* Ltd., Case No. 11–20552–Civ–Altonaga [D.E. 12]; *Indian Creek Club & Marina Condominium Ass'n v. QBE Ins. Co.,* Case No. 11–20579 [D.E. 9]; *Pointe Lake Condominium Ass'n v. Aspen Specialty Co.,* Case No. 11–20430–Civ–Jordan [D.E. 13]. It strains credulity to believe that, coincidentally, in *all* of these cases the different condominium associations bringing suit did not have sufficient time to properly "investigate" their potential claims prior to filing suit. Instead, it appears that Ibis Villas' counsel's proposed amended complaint is part of a larger tactical attempt to remand a series of cases back to state court. Notably, all of the rulings thus far on these motions have denied joinder and remand. *See, e.g., Oriole Gardens,* Order Denying Plaintiff's Motion to Join Party Defendants and Remand to State Court, Case No. 11–60294–Civ–Huck; *Fontainebleau Gardens Condominium Ass'n v. Pacific Ins. Co., Ltd.,* 768 F.Supp.2d 1271, 1275–76 (S.D.Fla.2011); *Alleyne,* Order Denying Motion to Amend Complaint to Add Defendants and Remand Case to State Court, Case No. 11–60302–Civ–Demitrouleas.

■ Furthermore, Ibis Villas will not be significantly prejudiced or injured if joinder is not permitted. Though Ibis Villas' proposed negligence claims against its agents and broker for failure to procure adequate insurance coverage are cognizable under Florida law, *see Wachovia Ins. Servs., Inc. v. Toomey,* 994 So.2d 980, 990 n. 4 (Fla.2008), they do not accrue until Ibis Villas' proceedings against the insur-

ers have concluded. *See Blumberg v. USAA Cas. Ins. Co.*, 790 So.2d 1061, 1065 (Fla.2001); *Fontainebleau Gardens Condominium Ass'n v. Pacific Ins. Co., Ltd.*, 768 F.Supp.2d at 1275–76 (S.D.Fla.2011) (citing *Blumberg* ). Thus, denying joinder of the additional claims will not result in parallel proceedings because Ibis Villas cannot proceed separately on its claims against its agents and/ or brokers until this matter is resolved. *See Fontainebleau*, 768 F.Supp.2d at 1275–77; *Oriole Gardens*, Order Denying Plaintiff's Motion to Join Party Defendants and Remand to State Court, Case No. 11–60294–Civ–Huck. The extent of the prejudice that Ibis Villas will potentially suffer is therefore, at worst, that it will have to file another suit against the proposed additional defendants in state court once these claims are adjudicated upon.

Moreover, based on this same reasoning, even if I granted Ibis Villas' motion, joined the agents and broker as defendants, and

remanded the case to state court, the newly-added claims would either be dismissed or abated at the state court level since they are not yet ripe. *See Fontainebleau*, 768 F.Supp.2d at 1276–77. The net effect of granting the joinder would therefore be to remand the exact same lawsuit—in terms of ripe causes of action—back to state court. This is another factor that should be considered when balancing the equities.

### III. CONCLUSION

In conclusion, because it is plainly evident that Ibis Villas' motion for joinder was undertaken with the express intention of destroying diversity jurisdiction, and because the prejudice to Ibis Villas is, at worst, minimal, I find that the balance of the equities weighs against granting Ibis Villas' motion. Accordingly, under the discretion afforded to me pursuant to § 1447(e), Ibis Villas' motion to join party defendants and to remand the case to state court [D.E. 10] is DENIED.[1]

---

1. Both *Fontainebleau* and *Oriole Gardens* discuss the fraudulent joinder doctrine, which provides that "[i]f a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction 'a district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court.'" *See Dasma Investments, LLC v. Realty Associates Fund III, L.P.*, 459 F.Supp.2d 1294, 1300 (S.D.Fla. 2006) (quoting *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)). However, a " 'determination of whether a [non-diverse] defendant has been fraudulently joined must be based upon the plaintiffs pleadings *at the time of removal*....'" *See Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir.2005) (quoting *Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir.1998)) (emphasis added). The fraudulent joinder doctrine, therefore, is not the applicable standard on the joinder of a non-diverse defendant *after* removal. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir.1999) ("The fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed. This court's caselaw reflects that the doctrine

has permitted courts to ignore ... only those non-diverse parties *on the record in state court at the time of removal*.") (listing Fifth Circuit cases); *Mayes*, 198 F.3d at 463 (fraudulent joinder doctrine "does not directly apply after removal because the district court already possesses jurisdiction."); *Grinston v. Cypress Media, LLC*, 2011 WL 833969, at *2 (S.D.Ill. 2011) ("the answer to the fraudulent joinder inquiry alone is not dispositive of a plaintiff's motives for purposes of post-removal joinder inquiry required under ... § 1447(e)."); *Seropian*, 2010 WL 2822195, at *3 (plaintiffs seeking to amend complaint incorrectly used the fraudulent joinder standard which is to be used "in determining whether a defendant initially named in the complaint is fraudulently joined"). Nonetheless, the fraudulent joinder doctrine can certainly be an important consideration in assessing a proposed joinder in a post-removal context. *See Schur*, 577 F.3d at 759 ("although the fraudulent joinder doctrine is not directly applicable to the post-removal context, it can be a relevant factor for determining whether to permit joinder under § 1447(e).... [I]t is simply another tool in the district judge's belt for scrutinizing

Ibis Villas shall respond to defendants' motions to dismiss [D.E. 5, 8] by June 10, 2011. done and ordered in chambers in Miami, Florida, this 24th day of May, 2011.

the plaintiff's motive for joining a nondiverse party."); *Mayes,* 198 F.3d at 463 ("[T]he fraudulent joinder doctrine can be yet another element of the district court's "flexible, broad discretionary approach" to resolving a post removal question of whether a nondiverse defendant should be joined under Section 1447(e)."). For that reason, I have examined the viability of Ibis Villas' proposed additional claims as an important factor in my analysis. *See Henderson,* 454 F.3d at 1281 (one of two reasons for application of the fraudulent joinder doctrine: "there is no possibility the plaintiff can establish a cause of action against the resident defendant").