**ASCENSION ENTERPRISES, INC.**

**v.**

**ALLIED SIGNAL, INC.**

*Civil Action No. 97–228–B–M2.*

United States District Court,
M.D. Louisiana.

July 11, 1997.

Roy H. Maughan, Jr., Maughan, Atkinson & Martin, Ltd., Baton Rouge, LA, for Plaintiffs.

Jude C. Bursavich, James Rodney Chastain, Jr., Murphy James Foster, III, Breazeale, Sachse & Wilson, Baton Rouge, LA, for Defendants.

### RULING ON MOTIONS TO STRIKE SUPPLEMENTAL AND AMENDING COMPLAINT FROM RECORD

POLOZOLA, District Judge.

This matter is before the Court on motions to strike Ascension Enterprise's ("Ascension") supplemental and amending complaint filed by defendants Meric Daigle and Allied Signal.[1] This action was originally filed in state court on February 4, 1997 against Allied Signal. The case was subsequently removed to federal court on the basis of diversity subject matter jurisdiction. Before Allied Signal filed a responsive pleading, Ascension filed an amendment to its complaint seeking to add two individuals as plaintiffs,[2] adding Daigle as a defendant,[3] and adding claims for relief against Daigle. Since Daigle is a Louisiana resident, and all three plaintiffs are Louisiana residents, the effect of the amendment is to destroy subject matter jurisdiction. Both Daigle and Allied Signal filed motions to strike the amended complaint on the grounds that such amendment violates 28 U.S.C. § 1447(e) and 28 U.S.C. § 1367(b). The Court will first address whether the amendment violates § 1447(e).

In short, § 1447(e) gives the Court the discretion to grant or deny an amendment of a complaint when subject matter jurisdiction is based on diversity, and the plaintiff seeks to amend the complaint by adding a non-diverse defendant. However, Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to amend its complaint once, before a responsive pleading has been served, without leave of court. Daigle and Allied Signal assert that Ascension must obtain leave of court to amend its petition while Ascension argues that, since it sought to amend its complaint before a responsive pleading was filed, Rule 15(a) allows it to amend without leave of court.

■ In assessing the apparent conflict between § 1447(e) and Rule 15(a), courts have held that "[w]hen an amendment will destroy diversity, leave of court is required even though the existing defendant ... ha[s] not yet filed responsive pleadings."[4] In other words, "a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action."[5] Thus, § 1447(e) trumps Rule 15(a).

■ Applying the above principles to the facts of this case, it is clear that, because the addition of Daigle as a defendant will destroy subject matter jurisdiction, Ascension must obtain leave of court in order to properly amend its complaint. The Court must also give the defendants an opportunity to respond to the proposed amendment. Therefore, the Court finds that the filing of Ascension's amended complaint, without leave of court, was improper. The Court must now determine whether Ascension should be granted leave to amend under § 1447(e).[6]

1. Allied Signal seeks to strike only paragraph VI—IX of Ascension's amended complaint. Daigle seeks to strike the amended complaint in its entirety. The Court will treat both motions as motions to strike the amended complaint, and not limit its ruling to specific paragraphs of the complaint.

2. Added as plaintiffs are Kenneth L. Shutt and Michael Z. Nelson.

3. Daigle is an employee of Allied Signal.

4. *Whitworth v. TNT Bestway Transp.*, 914 F.Supp. 1434, 1435 (E.D.Tx.1996); *see also Horton v. Scripto–Tokai Corp.*, 878 F.Supp. 902, 908 (S.D.Miss.1995); *Borne v. Siemens Energy & Automation*, 1995 WL 15354 (E.D.La. Jan.17, 1995).

5. 6 Charles Alan Wright, Aruthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil, § 1477 at 562 (2d Ed.1990).

6. *Borne*, 1995 WL 15354 at p. 1.

"The district court, when faced with an amended pleading naming a new non[-]diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment"[7] and "leave should be denied unless there exist strong equities in favor."[8] In deciding whether to grant leave to amend,

> the [C]ourt should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.[9]

Essentially, Daigle and Allied Signal argue the purpose of the amendment to the complaint was to add Daigle as a defendant in order to defeat subject matter jurisdiction. The Court agrees. Ascension originally filed this suit in state court alleging only one cause of action for the collection of an open account. It was only after this suit was removed to this Court that Ascension added Daigle as a defendant and Shutt and Nelson as plaintiffs. Ascension, Shutt and Nelson assert claims against Daigle for damage to business reputations and damage to personal reputations. Shutt and Nelson assert no claims against Allied Signal. These new claims against Daigle are wholly unrelated to the character of the original suit Ascension filed against Allied Signal for collection of an open account. In addition, Ascension did not seek to add Shutt and Nelson as plaintiffs and Daigle as a defendant until immediately after Allied Signal removed this action to federal court. The Court concludes Ascension, Shutt and Nelson sought to cumulate their claims against Daigle with Ascension's claim against Allied Signal solely to defeat diversity jurisdiction. In addition, there is no evidence in the record that plaintiffs will be significantly injured if the amendment is not allowed. These plaintiffs can file another suit in state court seeking the relief sought in the proposed amended complaint. Furthermore, there are no other factors bearing on the equities in this case. Therefore, the Court denies Ascension leave to amend its complaint.

The second ground for striking the amended complaint is based on 28 U.S.C. § 1367(b). § 1367(b) provides that, when subject matter jurisdiction is based on diversity, federal courts shall not have supplemental jurisdiction over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, if the addition of these parties would destroy subject matter jurisdiction. In this case, Rule 20, and not Rule 19, applies because Daigle is not an indispensable party. The addition of Daigle, under Rule 20, as a defendant destroys subject matter jurisdiction because Daigle is a Louisiana resident and plaintiffs are Louisiana residents. § 1367(b) expressly prohibits Daigle from being joined as a defendant because his presence in the suit defeats diversity subject matter jurisdiction.

In conclusion, the Court grants the motion to strike the amended complaint for two reasons. First, pursuant to the Court's discretion under § 1447(e), the Court denies Ascension leave to amend the complaint adding Daigle as a defendant because the Court finds Daigle's joinder was done solely to defeat subject matter jurisdiction. Second, in accordance with § 1367(b), the Court finds Ascension may not amend its complaint in order to add Daigle as a party under Rule 20 because such an amendment would defeat diversity subject matter jurisdiction.

Therefore:

IT IS ORDERED that the motions to strike the amended complaint, filed by Daigle and Allied Signal, be and each is hereby GRANTED.

---

**7.** *Hensgens v. Deere & Company*, 833 F.2d 1179, 1182 (5th Cir.1987), *appeal after remand*, 869 F.2d 879 (5th Cir.), *reh. denied*, 875 F.2d 858 (5th Cir.), *cert. denied*, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989).

**8.** *Whitworth*, 914 F.Supp. at 1435 (citing *Hensgens*, 833 F.2d at 1182).

**9.** *Hensgens*, 833 F.2d at 1182.