John ANDREASEN, Plaintiff,

v.

PROGRESSIVE EXPRESS
INSURANCE COMPANY,
Defendant.

CASE NO. 17–20190–CIV–
LENARD/GOODMAN

United States District Court,
S.D. Florida.

Signed 08/25/2017

David Allen Hagen, Law Office of David A. Hagen, P.A., Roy D. Wasson, Wasson & Associates Chartered, Miami, FL, for Plaintiff.

Stuart Jeffrey Freeman, Brasfield, Freeman, Goldis & Cash, P.A., St. Petersburg, FL, Martin David Berg, Miami, FL, for Defendant.

**ORDER ADOPTING OMNIBUS RE-PORT AND RECOMMENDATIONS CONCERNING MOTIONS TO RE-MAND, DROP A PARTY, AND TO REALIGN THE PARTIES (D.E. 78), DENYING PLAINTIFF'S MO-TION TO REMAND (D.E. 15), DE-NYING AS MOOT DEFENDANT'S MOTION TO DROP PARTY (D.E. 37), DENYING AS MOOT DEFEN-DANT'S MOTION TO REALIGN PARTIES (D.E. 54), AND DENY-ING AS MOOT DEFENDANT'S MOTION TO DISMISS CROSS-CLAIM (D.E. 59)**

JOAN A. LENARD, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** is before the Court on the Omnibus Report and Recommendations Concerning Motions to Remand, Drop a Party, and to Realign the Parties,

("Report," D.E. 78), issued by Magistrate Judge Jonathan Goodman on July 18, 2017. Plaintiff John Andreasen filed Objections on July 31, 2017, ("Objections," D.E. 80), to which Defendant Progressive Express Insurance Company ("Progressive") filed a Response on August 3, 2017, ("Response," D.E. 82). Upon review of the Report, Objections, Response, and the record, the Court finds as follows.

## I. Background

In 2008, Plaintiff was working for Fulton Company Inc. ("Fulton") and driving a company car when he sustained injuries in an automobile accident caused by Carlos Hernandez, an uninsured motorist who died as a result of the accident. (See Am. Compl. ¶¶ 5, 11, 13.) Progressive, which insured Fulton's fleet of three automobiles under Commercial Auto Liability Insurance Policy Number 01716746–5 (the "Policy"), paid Plaintiff's claim in the amount of the Policy's $500,000 non-stacked Uninsured/Underinsured Motorist ("UM/UIM") coverage limits. (Id. ¶¶ 19–20.)

On December 20, 2016, Plaintiff instituted this lawsuit, filing a six-count complaint in state court against Progressive and Annette Hernandez ("Hernandez"), as the Personal Representative of the Estate of Carlos Hernandez. (D.E. 1–1 at 5.) The original complaint alleges a single count of negligence against Hernandez and the following claims against Progressive: (1) breach of uninsured motorist coverage contract; (2) declaratory judgment—policy construction; (3) reformation of policy; (4) bad faith handling of an insurance claim; and (5) coverage by estoppel. (See id. at 5–21.) Plaintiff claims that Progressive must stack coverage for all three vehicles listed under the Policy and, therefore, he is entitled to additional coverage.[1]

1. "Stacking is a judicial creation, based on the common sense notion that an insured should be entitled to get what is paid for.

Thus, if the insured pays separate premiums for uninsured motorist protection on separate vehicles, the insured should get the benefit of

On January 17, 2017, Progressive—a foreign corporation with its principal place of business in Ohio, (see id. at 6 ¶ 4)— removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 on the basis of diversity jurisdiction. (D.E. 1.) Although the original Complaint alleges that Hernandez is a resident of Florida, (D.E. 1–1 at 5 ¶ 2), Progressive's Notice of Removal indicates that Hernandez had not yet been served with process and, in any event, Plaintiff fraudulently joined Hernandez. (D.E. 1 at 7 ¶ 4.) Also on January 17, 2017, Progressive filed a Motion to Dismiss the Complaint for Failure to State a Claim. (D.E. 6.)

On January 31, 2017, Plaintiff filed an Amended Complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(B), asserting the following: (1) Count I: Breach of Insured Motorist Coverage Contract as to Progressive; (2) Count II: Declaratory Judgment Action— Policy Construction; (3) Count III: Reformation of Policy; (4) Count IV: Bad Faith Handling of an Insurance Claim; and (5) Coverage by Estoppel. (D.E. 13.) The Amended Complaint names Progressive and, for the first time, Fulton, as the party Defendants; Hernandez is not named in the Amended Complaint. (See id.) The Amended Complaint alleges that Fulton is a Florida Corporation. (Id. ¶ 5.)

On February 1, 2017, Plaintiff filed a Motion to Remand, arguing that the addition of Fulton to the case destroyed diversity. (D.E. 15.) Progressive responded to the Motion to Remand, arguing that Fulton's addition constitutes fraudulent join-

der and that Fulton is not a necessary party. (D.E. 19.)

On March 3, 2017, Progressive filed a Motion to Drop Party, arguing that the Court should drop Fulton as a party under Federal Rule of Civil Procedure 21.[2] (D.E. 37.) Plaintiff responded to the Motion to Drop Party, arguing that Rule 21 does not provide a mechanism for a co-defendant to request the dropping of another defendant. (D.E. 43.)

On April 7, 2017, Fulton filed an Answer to Plaintiff's Amended Complaint and a Crossclaim against Progressive. (D.E. 53.)

On April 10, 2017, Progressive filed a Motion to Realign the Parties, arguing that Fulton's Answer to Plaintiff's Amended Complaint and Crossclaim against Progressive illustrate that Plaintiff and Fulton share the same interests in this case and, therefore, should be aligned together. (D.E. 54.) Plaintiff responded to the Motion to Realign Parties, arguing that although Plaintiff and Fulton "may have a 'common enemy' and are seeking the same relief against Defendant Progressive, that does not change the adversarial position between [Plaintiff] and Fulton and transforms [sic] Fulton into a co-plaintiff." (D.E. 58 at 4.)

On April 25, 2017, Progressive filed a Motion to Dismiss Fulton's Crossclaim for failure to state a claim upon which relief can be granted. (D.E. 59.)

On May 15, 2017, the Court referred to Judge Goodman (1) Plaintiff's Motion to Remand, (2) Progressive's Motion to Drop Party, and (3) Progressive's Motion to

coverage for each individual premium paid." United Servs. Auto. Ass'n v. Roth, 744 So.2d 1227, 1229 (Fla. Dist. Ct. App. 1999). Under Florida insurance law, an anti-stacking provision in an auto insurance policy is valid only if it satisfies the statutory requirements of "notice to the insured, knowing acceptance

by the insured, and filing of revised premium rates[.]" Rando v. GEICO, 556 F.3d 1173, 1180 (11th Cir. 2009).

2. Rule 21 provides, in relevant part: "On motion or on its own, the court may at any time, on just terms, add or drop a party."

Realign Parties (as well as some related matters). (D.E. 66.)

## II. Report and Recommendations

On July 18, 2017, Judge Goodman issued his Omnibus Report and Recommendations. (D.E. 78.) At the outset, Judge Goodman found that Plaintiff added Fulton as a non-diverse Defendant to destroy this Court's subject-matter jurisdiction over this case. (Id. at 2.) However, he found that the fraudulent joinder doctrine did not apply to the joinder of a non-diverse party after removal. (Id. at 6 (citing Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th Cir. 1998) ("The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal[.]"); Ibis Villas at Miami Gardens Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co., 799 F.Supp.2d 1333, 1337 n.1 (S.D. Fla. 2011) ("The fraudulent joinder doctrine ... is not the applicable standard on the joinder of a nondiverse defendant after removal.").) Thus, the issue underlying the Parties' motions is whether a plaintiff is able to join a non-diverse party after removal without the Court's involvement. (Id.)

The heart of the issue is the interplay between 28 U.S.C. § 1447(e) and Federal Rule of Civil Procedure 15(a)(1). (Id. at 7.) Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Judge Goodman explained that Section 1447(e) is designed "to avoid a plaintiff's gamesmanship of divesting the court of subject-matter jurisdiction by giving the Court discretion to deny joinder if the added defendant would destroy diversity." (Report at 7.)

However, Rule 15(a)(1)(B) appears to provide a loophole where plaintiffs can avoid judicial approval of non-diverse party joinder and force remand. That Rule permits a plaintiff to amend his pleading once as a matter of course—that is, without leave of the Court—within 21 days after the defendant serves a responsive pleading under Rule 12(b), (e), or (f). Here, Plaintiff added Fulton as a party defendant pursuant to Rule 15(a)(1)(B) and, in doing so, added a non-diverse defendant without first giving the Court an opportunity to approve or deny joinder at the time the amendment was made. "Thus," as Judge Goodman opined, "we are left with a situation where the fraudulent joinder doctrine and § 1447(e) do not apply and Rule 15(a)(1) opens the door for plaintiffs postremoval to divest the court of subject-matter jurisdiction by adding a non-diverse defendant as a matter of course. **This result is untenable.**" (Report at 7–8.)

Judge Goodman noted that the Eleventh Circuit "has not decided whether Rule 15(a) permits plaintiffs to add non-diverse parties as a matter of course after removal," but considered "the persuasive authority of other jurisdictions that conclude that it does not." (Id. at 8 (citing Mayes v. Rapoport, 198 F.3d 457, 462 n.11 (4th Cir. 1999) ("[A] district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court.") (internal citations omitted); Manera v. Michelin N. Am., Inc., No. 6:15-CV-721-ORL-22TBS, 2015 WL 12850564, at *1–2 (M.D. Fla. July 2, 2015) (applying Section "1447(e) when determining whether to permit a post-removal joinder, regardless of the liberal joinder rules[.]"); Ascension Enters. Inc. v. Allied Signal, Inc., 969 F.Supp. 359, 360 (M.D. La. 1997) ("[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action. Thus, § 1447(e) trumps Rule 15(a).") (internal quotation marks omitted); Lyster v. First

Nationwide Bank Fin. Corp., 829 F.Supp. 1163, 1165 (N.D. Cal. 1993) ("[T]he first amended complaint may not be used to defeat the removal of plaintiff's case to federal court."). Thus, Judge Goodman found that the Court must apply Section 1447(e) to determine whether to deny joinder or, alternatively, permit joinder and remand to state court. (Id. at 9.)

In analyzing the considerations relevant to this inquiry, see Small v. Ford Motor Co., 923 F.Supp.2d 1354, 1357 (S.D. Fla. 2013) (citing Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), Judge Goodman found that: (1) "Plaintiff's behavior strongly suggests that his real agenda is to include an additional defendant merely to defeat diversity jurisdiction and to get this case back to state court[,]" (id. at 11); (2) "Plaintiff's behavior in seeking the amendment [was] dilatory because Plaintiff was clearly aware of Fulton's alleged involvement not just at the inception of the case but as early as 2008[,]" (id. at 12); (3) "Plaintiff has not demonstrated that he would be significantly injured if the amendment is not allowed[,]" (id. at 18); and (4) the balance of the equities weigh against remand, (id. at 19). Accordingly, Judge Goodman recommends denying Plaintiff's Motion to Remand. (Id. at 20.)

With respect to Progressive's Motion to Drop Fulton as a Defendant, Judge Goodman rejected Plaintiff's argument that Rule 21 does not provide a mechanism for a co-defendant to request the dropping of another defendant, and cited cases that had granted such relief. (Id. at 21 (citing DIRECTV, Inc. v. Kitzmiller, No. Civ.A. 03-3296, 2004 WL 834703, at *1 (E.D. Pa. Mar. 31, 2004); Blaske v. Burger King Corp., Civ. No. 4-91-243, 1991 WL 238998, at *2 (D. Minn. Oct. 9, 1991); Nash v. Hall,

436 F.Supp. 633, 635 (W.D. Okla. 1977)).) Accordingly, Judge Goodman recommends granting Progressive's Motion to Drop Party, and denying as moot Progressive's Motion to Realign Parties.[3] (Id. at 22.)

### III. Objections

On July 31, 2017, Plaintiff filed Objections to Judge Goodman's Report. (D.E. 80.) First, Plaintiff objects to Judge Goodman's recommendation to deny the Motion to Remand, arguing that the Court lacks discretion to deny Fulton's joinder under Section 1447(e). (Obj. at 2–4.) Second, Plaintiff objects to Judge Goodman's recommendation to grant Progressive's Motion to Drop Party, arguing that Fulton was properly joined and, therefore, the Court lacks subject matter jurisdiction over this matter and must remand. (Id. at 4–5.) He further argues that even if this Court has subject matter jurisdiction, Fulton is a necessary party to the reformation of policy claim. (Id. at 5–7.) Judge Goodman did not consider this latter argument because Plaintiff failed to include it in his Response to Progressive's Motion to Drop Party. (See Report at 20–21.)

### IV. Legal Standard

■ Upon receipt of the Magistrate Judge's Report and the Parties' Objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3). The court must conduct a de novo review of any part of the Report that has been "properly objected to." Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1) (providing that the district court "shall

---

**3.** The Court deems Judge Goodman's recommendation to grant Progressive's Motion to Drop Party as an alternative to his recommendation to deny Fulton's joinder, because

if the Court denies Fulton's joinder under Section 1447(e) then there will be no party to drop from the case under Rule 21.

make a de novo determination of those portions of the [R & R] to which objection is made"). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Portions of the Report that are not properly objected to will be evaluated for clear error. See Macort v. Prem, Inc., 208 Fed.Appx. 781, 784 (11th Cir. 2006); Cuevas on Behalf of Juarbe v. Callahan, 11 F.Supp.2d 1340, 1342 (M.D. Fla. 1998).

## V. Discussion

Judge Goodman recommends denying Fulton's joinder pursuant to 28 U.S.C. § 1447(e), or, alternatively, dropping Fulton as a party pursuant to Federal Rule of Civil Procedure 21. (Report at 20–22.) Plaintiff objects, arguing that the Court lacks discretion to deny Fulton's joinder under Section 1447(e). (Obj. at 2–4.) He further argues that because the Court cannot deny Fulton's joinder, it lacks jurisdiction to drop Fulton as a party and must remand this case to state Court; and even if the Court has jurisdiction, it should not drop Fulton as a party because Fulton is a necessary party to the reformation of policy claim. (Id. at 5–7.)

First, Plaintiff objects to Judge Goodman's recommendation that the Court deny Fulton's joinder under 28 U.S.C. § 1447(e), arguing that "this Court should follow the weight of authority holding that a district court lacks the discretion to deny joinder of a Defendant as a matter of right by way of an amendment to the complaint filed timely before a responsive pleading under Rule 15(a)(1)." (Obj. at 2.)

Frankly, Plaintiff's argument is perplexing considering the overwhelming weight of authority holds the exact opposite. In fact, the only case he cites in support of his argument—which is actually a magistrate judge's report and recommendation—explicitly acknowledges its outlier status, stating: "Given the weight of contrary authority on the issue raised by this motion, I feel akin to the lone salmon swimming upstream against a raging current." Buffalo State Alumni Ass'n v. Cincinnati Ins. Co., 14–CV–00383–MAT–JJM, 251 F.Supp.3d 566, 578, 2017 WL 1734159, at *4, 2014 U.S. Dist. LEXIS 196568, at *15 (W.D.N.Y. May. 4, 2017) (internal quotation marks and citation omitted). In fact, a few months before the magistrate judge issued his R & R in Buffalo State, the Chief Judge of the same district, agreeing with " 'every federal court that has considered the issue,' " concluded that " 'the discretionary decision called for by § 1447(e) is appropriate even when plaintiff has amended as a matter of course under Rule 15(a).' " Masters v. Erie Ins. Co., 13–CV–694S, 2014 U.S. Dist. LEXIS 19037, at *4 (W.D.N.Y. Feb. 13, 2014) (quoting McGee v. State Farm Mut. Auto. Ins. Co., 684 F.Supp.2d 258, 261 (E.D.N.Y. 2009) (collecting cases)).

After de novo review, the Court finds that Judge Goodman correctly concluded that the Court retains discretion under Section 1447(e) to decide whether joinder of a non-diverse defendant is appropriate, even when the plaintiff has joined the non-diverse defendant by amending the complaint as a matter of right under Rule 15(a). See Mayes, 198 F.3d at 462 n.11; Dillard v. Albertsons, Inc., 226 F.3d 642, 2000 WL 1029031, at *1 (5th Cir. 2000) (unpublished table decision); Masters, 2014 U.S. Dist. LEXIS 19037, at *4; Manera, 2015 WL 12850564, at *1–2; McGee, 684 F.Supp.2d at 261;

Moncion v. Infra–Metals Corp., 01 Civ. 11389 (RLE), 2002 WL 31834442, at *2, 2002 U.S. Dist. LEXIS 24192, at *5 (S.D.N.Y. Dec. 18, 2002); Bevels v. Am. States Ins. Co., 100 F.Supp.2d 1309, 1312–13 (M.D. Ala. 2000); Ascension Enters., 969 F.Supp. at 360; Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc., 916 F.Supp. 1024, 1026 (D. Nev. 1996); Whitworth v. Bestway Transp. Inc., 914 F.Supp. 1434, 1435 (E.D. Tex. 1996); Horton v. Scripto–Tokai Corp., 878 F.Supp. 902, 908 (S.D. Miss. 1995); Lyster, 829 F.Supp. at 1165; Lehigh Mech., Inc. v. Bell Atl. Tricon Leasing Corp., No. CIV.A. 93-673, 1993 WL 298439, at *3 (E.D. Pa. Aug. 2, 1993); cf., Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 762 (7th Cir. 2009) (holding that a district judge may reconsider an earlier decision by a magistrate judge allowing joinder of non-diverse parties, when the magistrate judge did not consider Section 1447(e)); Bailey v. Bayer CropScience L.P., 563 F.3d 302, 307–08 (8th Cir. 2009) (holding that a court may reconsider an earlier order allowing joinder, when the earlier decision did not consider Section 1447(e)); Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991) (rejecting "assumption that a party may force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action"); see also 6 Charles Alan Wright, et al., Federal Practice & Procedure § 1477 (2d ed. 1990). As the Fourth Circuit explained:

> Reading Rule 15(a) in connection with Fed. R. Civ. P. 19 and 21, and 28 U.S.C. § 1447(e), resolves any doubts over whether the district court has authority to pass upon any attempts—even those for which the plaintiff needs no leave of court—to join a nondiverse defendant. See 28 U.S.C. § 1447(e) ("the court may

deny joinder, or permit joinder"); see also Fed. R. Civ. . 19(a) ("A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party . . .") (emphasis added); Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."). Thus, a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court.

Mayes, 198 F.3d at 462 n.11 (citations omitted). Accordingly, the Court has discretion under Section 1447(e) to deny Fulton's joinder in this case, or, alternatively, to permit joinder and remand. See, e.g., id.

■ "In deciding whether to permit or deny joinder, the district court must balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." Small, 923 F.Supp.2d at 1357 (citing Hensgens, 833 F.2d at 1182). Judge Goodman balanced the relevant considerations and concluded that they weighed in favor of denying joinder. (Report at 9–20.) Plaintiff did not specifically object to this conclusion, and the Court finds that it is not clearly erroneous.[4] Accordingly, the Court adopts Judge Goodman's recommendation to deny Fulton's joinder to this action under, and, consequently, to deny Plaintiff's Motion to Remand.

Having denied Fulton's joinder, Progressive's Motion to Drop Party and Motion to Realign Parties are moot.

---

4. In fact, even upon de novo review the Court would agree with Judge Goodman that the balance of interests weighs in favor of denying joinder.

## VI. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Omnibus Report and Recommendations Concerning Motions to Remand, Drop a Party, and to Realign Parties is **ADOPTED AND SUPPLEMENTED** consistent with this Order;

2. Pursuant to 28 U.S.C. § 1447(e), the Court **DENIES** joinder of Fulton Company, Inc. to this action;

3. Fulton Company, Inc. is **TERMINATED** from this case;

4. Plaintiff's Motion to Remand (D.E. 15) is **DENIED**;

5. Progressive's Motion to Drop Party (D.E. 37) is **DENIED AS MOOT**;

6. Progressive's Motion to Realign Parties (D.E. 54) is **DENIED AS MOOT**; and

7. Progressive's Motion to Dismiss Crossclaim (D.E. 59) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of August, 2017.

## OMNIBUS REPORT AND RECOMMENDATIONS CONCERNING MOTIONS TO REMAND, DROP A PARTY, AND TO REALIGN THE PARTIES

Jonathan Goodman, UNITED STATES MAGISTRATE JUDGE

This is a seemingly simple insurance case. Plaintiff John Andreasen ("Plaintiff") filed the lawsuit in state court, and Defendant Progressive Express Insurance Company ("Progressive") removed it to this Court. Plaintiff alleges that he got into a serious car accident while on the job spraying lawns in a company vehicle.[1] He is now suing Fulton's insurance company, Progressive, regarding whether Progressive must stack uninsured motorist ("UM") coverage for its three commercial vehicles listed under the policy.[2] Progressive has already paid Plaintiff under the policy. Plaintiff disputes the *amount* of coverage; he argues that coverage is stacked.

What is not simple—based on the procedural posture of this case—is which Federal Rule of Civil Procedure or statutory provision governs whether this case should remain in federal court.

Taking a cue from the great detective Sherlock Holmes, the Undersigned notes that "[t]here is nothing more deceptive than an obvious fact."[3] The obvious fact here is that Plaintiff, post-removal, added Fulton as a non-diverse defendant to destroy subject-matter jurisdiction in this case. What is deceptive about this obvious fact is that Plaintiff is seemingly able to do so, without involving the Court, under the Federal Rules of Civil Procedure. However, as explained in more detail below, the applicable analysis navigates through this procedural quagmire, within the confines of the rules, to reach the most equitable result: deterring legal gamesmanship through the promotion of judicial discretion.

The parties have filed many motions and other papers in federal court. Specifically, Plaintiff filed a motion to remand. [ECF No. 15]. Progressive filed an opposition

---

1. Plaintiff's employer was Fulton Company, Inc. ("Fulton").

2. The policy at issue is No. 01716746–5 (the "policy"). Progressive issued it to Fulton for the period of June 30, 2007 to June 30, 2008. [ECF No. 13–1, p. 2].

3. Sir Arthur Conan Doyle, THE BOSCOMBE VALLEY MYSTERY, IN THE ADVENTURES OF SHERLOCK HOLMES, 204 (George Newnes Ltd. 1892).

response, a deposition transcript supplementing its response, motions for judicial notice, and a notice of supplemental authority. [ECF Nos. 19; 30; 32; 74; 76–77]. Plaintiff filed a reply to Progressive's response, and Progressive, with leave of Court, filed a sur-reply. [ECF Nos. 24; 73; 75].

In addition, Progressive filed a motion to drop Fulton as a party or, alternatively, a motion to realign Fulton as a plaintiff. [ECF Nos. 37; 54]. Plaintiff filed opposition responses to Progressive's motions, and Progressive filed replies to the responses. [ECF Nos. 43; 46; 58; 60].

United States District Judge Joan A. Lenard referred the motion to remand, the motion to drop a party, the motion to realign parties, and the parties' other related motions, to the Undersigned. [ECF No. 66].

For the reasons detailed below, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's motion to remand, **grant** Progressive's motion to drop a party, and **deny as moot** Progressive's motion to realign the parties.

## I. BACKGROUND

On December 20, 2016, Plaintiff filed a complaint against Progressive and Annette Hernandez ("Hernandez"), as the Personal Representative of the Estate of Carlos Hernandez (the uninsured motorist who collided with Plaintiff in the subject accident), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County, Florida. [ECF No. 1–1, pp. 4–21].[4] Plaintiff's complaint includes the following counts: (1) negligence; (2) breach of UM coverage; (3) declaratory judgment for policy construction; (4) reformation of policy; (5) bad faith handling of an insurance policy; and (6) coverage by estoppel. [ECF No. 1–1, pp. 4–21]. Plaintiff asserted the negligence count against Hernandez only. Plaintiff asserted all other counts against Progressive.

On December 27, 2016, Progressive was served with the summons and the complaint and then, on January 17, 2017, Progressive timely removed the case to federal court, based on diversity jurisdiction. [ECF No. 1].[5] Progressive contends, in its notice of removal, that Hernandez was not served with process. [ECF No. 1, p. 7]. In the same notice, Progressive also alleges that removal is proper because Hernandez, a Defendant who seemingly destroys diversity jurisdiction, was fraudulently joined in this action. In the notice of removal, Progressive argues that Hernandez was fraudulently joined because the accident occurred on January 30, 2008, which allegedly renders the negligence count against her barred by Florida Statute § 95.11(3)(a)'s four-year statute of limitations. [ECF Nos. 1, p. 7; 1–1, ¶ 11].

On January 17, 2017, Progressive filed a motion to dismiss. [ECF No. 6]. Then, on January 31, 2017, Plaintiff filed an amended complaint (his first) as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), within 21 days of service of Progressive's Rule 12(b) motion. [ECF No. 13]. The amended complaint removes Hernandez from the action and withdraws his negligence count but keeps all other counts. [ECF No. 13]. In the amended complaint, Plaintiff also *adds* Fulton, allegedly a Florida resident, to the action as a defendant for the declaratory judgment

---

4. Plaintiff and Hernandez are Florida residents. Progressive's principal place of business is in Ohio and its state of incorporation is Ohio, and thus, it qualifies as a foreign corporation. [ECF Nos. 1, p. 2 n. 1; 1–1, p. 6].

5. A notice of removal "shall be filed within 30 days after the receipt by the defendant ... of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1).

and reformation of policy counts. [ECF No. 13, ¶ 5]. Adding Fulton ignited the parties' myriad filings before the Undersigned.

In short, Plaintiff's remand motion argues that his addition of Fulton as a defendant in the amended complaint destroys diversity jurisdiction and that Fulton is a necessary party to this action. But Progressive argues that remand is impermissible based on the doctrine of fraudulent joinder [6] and that Fulton is not a necessary party. Progressive also filed a motion to drop Fulton as a party and a motion to realign Fulton as a plaintiff.

## II. LEGAL STANDARD

### A. What Standard applies?

Twenty-eight U.S.C. § 1332 provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [ ] citizens of different States[.]" Section 1441 authorizes, with certain inapplicable exceptions, the removal of "any civil action" in which "the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a).

■ "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994) (internal citation omitted). If complete diversity is not present, then the case is not removable. However, where joinder of the non-diverse party is fraudulent, then diversity may still be satisfied. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

■ The response and reply filings to the remand motion in this case focus almost exclusively on fraudulent joinder. The doctrine of fraudulent joinder discounts allegations against a non-diverse party where the removing party can prove either that "(1) there is **no** possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (internal quotation and marks omitted) (emphasis added).

■ However, the fraudulent joinder doctrine is inapplicable here because this determination "**must** be based upon the plaintiff's pleadings at the time of removal[.]" *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (emphasis added). "The fraudulent joinder doctrine, therefore, is not the applicable standard on the joinder of a non-diverse defendant *after* removal." *Ibis Villas at Miami Gardens Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 799 F.Supp.2d 1333, 1337, n. 1 (S.D. Fla. 2011) (internal citations omitted).

Furthermore, the fraudulent joinder doctrine is generally not necessary after removal because the district court, which already possesses jurisdiction, can simply decline to permit joinder of non-diverse defendants under § 1447(e). *Mayes v. Rapoport*, 198 F.3d 457, 462–63 (4th Cir. 1999); 28 U.S.C. § 1447(e) ("[I]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

---

**6.** Progressive's reassertion of the doctrine of fraudulent joinder against Fulton (as opposed to the now-omitted Hernandez) in its opposition response to the remand motion is also based on the statute of limitations. However, Fulton was not referenced in the notice of removal because, at the time of removal, Fulton was not yet joined as a party.

The federal rules become murky and complicated when, as in this case, a plaintiff adds a non-diverse defendant *after* removal, by way of amendment, pursuant to Rule 15(a)(1). Rule 15(a) directly conflicts with § 1447(e), which is supposed to avoid a plaintiff's gamesmanship of divesting the court of subject-matter jurisdiction by giving the Court discretion to deny joinder if the added defendant would destroy diversity.

Specifically, Rule 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course" within 21 days after service of a responsive pleading or a Rule 12(b) motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). Thus, pursuant to Rule 15(a), Plaintiff added Fulton, a non-diverse defendant, without first obtaining leave of court. But under Rule 15(a)(1)(B), the Court did not have the § 1447(e) opportunity to deny (or approve) joinder at the time the amendment was made.

Thus, we are left with a situation where the fraudulent joinder doctrine **and** § 1447(e) do not apply and Rule 15(a)(1) opens the door for plaintiffs post-removal to divest the court of subject-matter jurisdiction by adding a non-diverse defendant as a matter of course. **This result is untenable.** "[I]f the plaintiff can add a non-diverse defendant without the district court exercising its discretion over whether the defendant should be joined, then, under § 1447(e), the district court would be forced to remand the case without determining the propriety of joinder." *Mayes*, 198 F.3d at 462 n. 11. Plaintiff would thus be able to use his right to amend under Rule 15(a) to **force** a remand.

While the Eleventh Circuit has not decided whether Rule 15(a) permits plaintiffs to add non-diverse parties as a matter of course after removal, the Undersigned will follow the persuasive authority of other jurisdictions that conclude that it does not. *See, e.g., Mayes*, 198 F.3d at 462 n. 11 ("[A] district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court.") (internal citations omitted); *Manera v. Michelin N. Am., Inc.*, No. 6:15-CV-721-ORL-22TBS, 2015 WL 12850564, at *1–2 (M.D. Fla. July 2, 2015) (applying "§ 1447(e) when determining whether to permit a post-removal joinder, regardless of the liberal joinder rules[.]"); *Ascension Enters. Inc. v. Allied Signal, Inc.*, 969 F.Supp. 359, 360 (M.D. La. 1997) ("[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action. Thus, § 1447(e) trumps Rule 15(a).") (internal quotation marks omitted); *Lyster v. First Nationwide Bank Fin. Corp.*, 829 F.Supp. 1163, 1165 (N.D. Cal. 1993) ("[T]he first amended complaint may not be used to defeat the removal of plaintiff's case to federal court.").

By following this approach of applying § 1447(e) to this case notwithstanding Rule 15(a), I am "left with only two options: (1) deny joinder; or (2) permit joinder and remand [Plaintiff's] case to state court." *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).

**B. Application of § 1447(e) and the *Hensgens* Factors**

▪ When evaluating a motion to join a new, non-diverse defendant, the court "should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The Court considers "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if

amendment is not allowed, and (4) any other factors bearing on the equities." *Small v. Ford Motor Co.*, 923 F.Supp.2d 1354, 1357 (S.D. Fla. 2013) (citing *Hensgens*, 833 F.2d at 1182) (other internal citations omitted).

### 1. Defeat Diversity Factor

■ In determining whether the purpose of adding a non-diverse defendant post-removal is to destroy federal jurisdiction, "courts often look to see whether the plaintiff was aware or should have been aware of the non-diverse defendant at the time the suit was filed." *Seropian v. Wachovia Bank, N.A.*, No. 10-80397-CIV, 2010 WL 2822195, at *3 (S.D. Fla. July 16, 2010) (internal citations omitted). Also, "[w]hen a plaintiff seeks to add a non-diverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding jurisdiction." *Scipione v. Advance Stores Co., Inc.*, No. 8:12-cv-687-T-24-AEP, 2012 WL 3105199, at *2 (M.D. Fla. July 31, 2012) (internal quotations omitted); *see also Small*, 923 F.Supp.2d at 1357 (citing *Mayes*, 198 F.3d at 463).

■ The timing of Plaintiff's amendment is relevant to the defeat federal jurisdiction analysis. Progressive had notice of service of the original complaint on December 27, 2016, and did not remove the case until January 17, 2017 (**21 days later**). [ECF Nos. 1, pp. 5–8; 1–1]. During those three weeks, Plaintiff did not seek to add Fulton as a defendant despite being aware that Fulton, Plaintiff's employer, was the named party on the policy, which is the fact that allegedly gives rise to Plaintiff's declaratory judgment and reformation claims against Fulton. Indeed, the original complaint shows that Plaintiff was well aware of Fulton's alleged involvement as a defendant at the time of filing because Plaintiff specifically referenced Fulton and the policy throughout the complaint. [ECF No. 1–1, pp. 4–21].

Yet it was not until the case was removed that Plaintiff decided to amend his complaint to assert the declaratory action and reformation claims against Fulton. *See Furfaro v. Aguilera*, 2016 WL 614657, *2–3, 2016 U.S. Dist. LEXIS 18470, *6–7 (M.D. Fla. Feb. 16, 2016) (finding that the plaintiff's failure to amend state complaint during the 29–day period after service of diverse defendant but before removal, despite knowledge of non-diverse defendant's involvement in case, indicated that the plaintiff added the non-diverse defendant in federal court to defeat diversity jurisdiction).

In fact, Plaintiff did not even seek to have summons issued against Fulton until 31 days after he filed the amended complaint in federal court. [ECF Nos. 13; 36; 72]. If Fulton was truly a necessary party to Plaintiff's case, as Plaintiff claims in the remand motion, then why would Plaintiff wait so long to prosecute his case against it? Plaintiff's behavior strongly suggests that his real agenda is to include an additional defendant merely to defeat diversity jurisdiction and to get this case back to state court.

### 2. Dilatory Factor

Concerning the dilatory factor, a plaintiff is dilatory in making a joinder request when there is no apparent reason for waiting to add a defendant until after the originally-named defendant removes the case. *See Seropian*, 2010 WL 2822195, at *4. Here, although Plaintiff filed his amended complaint [ECF No. 17] somewhat close in time to the removal (14 days), there is still no apparent reason (other than defeating diversity jurisdiction) for waiting until after Progressive removed the case to amend the complaint.

As previously explained, it is clear that Plaintiff knew about the potential claims against his former employer from the inception of the state court suit. Indeed, the original complaint alleges that Fulton did not reject stacking UM coverage and that Plaintiff knew that Progressive, as of February 6, 2008, would not stack UM coverage for Fulton's three commercial vehicles listed in the policy. [ECF Nos. 1-1, ¶¶ 19; 52]. Plaintiff now argues that it **must** include Fulton in this lawsuit to obtain stacking relief. However, I find Plaintiff's behavior in seeking the amendment dilatory because Plaintiff was clearly aware of Fulton's alleged involvement not just at the inception of the case but as early as 2008.

### 3. Significant Injury Factor

The Undersigned next considers whether Plaintiff will suffer a significant injury if the Court were to deny the joinder request. In its motion to drop a party, Progressive applies Rule 19 to this factor, without citing to any supporting cases for this approach. Therefore, I must also determine if I need to conduct a Rule 19 analysis under this third factor.

Rule 19 uses a two-part test for determining whether a party is indispensable. First, the court must ascertain under the standards of Rule 19(a) whether the person in question is necessary, or one the court must join if feasible. If the court should join the person **but cannot**, then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279–80 (11th Cir. 2003).

 Plaintiff's remand motion does not allege that Fulton is an indispensable party. Rather, Plaintiff alleges only that Fulton is a necessary party [7] because he claims that "it is the law that a named insured under a policy of insurance is a necessary party to a claim for reformation of that policy." [ECF No. 15, p. 2 (citing *Fireman v. Travelers Cas. & Sur. Co.*, No. 10-81564, 2011 WL 743069, at **4–5 (S.D. Fla. Feb. 24, 2011) (dismissing complaint for reformation of insurance policy without prejudice for failure of plaintiffs to join as a necessary party the named insured under the policy))].

Rule 19(a) contains the "necessary party" test. A party must be joined if "in that person's absence the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a). Alternatively, a person must be joined if "that person claims an interest in the subject matter of the action and is so situated that disposing of

---

7. The term necessary party is confusing in this context and may be inaccurate. Here, Fulton is already joined in the action but its joinder destroys diversity jurisdiction. Therefore, the analysis of whether Fulton is indispensable is more appropriate because the Court is deciding here whether it **must** remand the case.

If a party meets one of the Rule 19(a) standards and joinder is feasible, then that party is deemed required or necessary, but not indispensable. *Focus on the Family*, 344 F.3d at 1280; *see also Green v. Bannasch*, No. 6:14-cv-1676-Orl-37KRS, 2015 WL 3465828, at *4 (S.D. Fla. June 1, 2015). In that case, the standard for dismissal under Rule 19(b) is not met and the appropriate action is for the Court to join that party. *Focus on the Family*, 344 F.3d at 1280. If, however, the "required" party cannot be joined because, for example, its joinder would defeat diversity, then the Court must determine whether the action should proceed among the parties before it or whether it should be dismissed because the absent party is indispensable. *Id.*

Based on the Eleventh Circuit's interpretation of Rule 19, the Undersigned notes that every indispensable party is necessary, but not every necessary party is indispensable. Therefore, it still may be useful or even relevant to consider Plaintiff's necessary-party argument in furtherance of the Undersigned's recommendation as to the remand motion.

the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest, or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest." Fed. R. Civ. P. 19(a)(i)-(ii).

It is unclear whether I need to perform a Rule 19 analysis in conjunction with this prejudice-to-plaintiff factor (or any of the *Hensgens* factors, for that matter). Although the parties did not provide case law on this inquiry, federal courts have different approaches as to the degree (if any) Rule 19 plays in a § 1447(e) analysis. *See, e.g., Heininger v. Wecare Distributors, Inc.*, 706 F.Supp. 860, 862 (S.D. Fla. 1989) ("It is clear from the unambiguous language of § 1447(e) that a non-diverse party need not be indispensable as defined by Fed. R. Civ. P. 19 in order for a district court to permit joinder and remand the action to state court"); *cf. Vazquez v. Lowe's Home Centers, Inc.*, No. 8:06-CV-1885-T27TBM, 2007 WL 128823, at *1 (M.D. Fla. Jan. 12, 2007) ("determining whether a plaintiff would be prejudiced by not permitting the amendment, the court should consider whether the diversity destroying defendants are 'indispensable' to Plaintiff's case pursuant to Fed. R. Civ. P. 19.").

The Fifth Circuit in *Hensgens* reasoned that this inquiry "is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party" and instead, "when confronted with an amendment to add a nondiverse nonindispensable party, [the district court] should use its **discretion** in deciding whether to allow that party to be added." 833 F.2d at 1182 (emphasis added); *see also Heininger*, 706 F.Supp. at 862 ("Section 1447(e) is essentially a codification of *Hensgens* ... where the court stated that a district court *must* remand to state court

if it **permits** an amendment adding a non-diverse party, and that indispensability was not the threshold factor with respect to whether a joinder is permitted") (emphasis added).

I find the Fifth Circuit's approach persuasive and conclude that application of the *Hensgens* factors is discretionary. Therefore, Rule 19 does not control my determination of whether Plaintiff will suffer a significant injury if Fulton is not added as a defendant.

From a practical standpoint, the two approaches are not entirely consistent. A Rule 19(a) application focuses mainly on the prejudice that non-joinder would cause to Fulton, as opposed to the prejudice to Plaintiff. This is inapposite to my application of the third factor, which is plaintiff-centered. Nonetheless, the parties did not brief § 1447(e) and the *Hensgens* factors, with the exception of Progressive, when it filed its motion to drop a party. Instead, the majority of the parties' filings discussed fraudulent joinder and Rule 19(a).

Because of this, I will focus on arguments from the parties' filings that I find helpful to reach my third-factor determination. Particularly, I find relevant under the necessary-party test whether, in Fulton's absence, the court can accord "complete relief among **existing parties**" and whether a lawsuit without its joinder leaves "an **existing party** subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest." Fed. R. Civ. P. 19(a)(i)-(ii) (emphasis added).

Progressive's Claims Attorney Nadine Gabay–Babyack avers that other than the claim brought by Plaintiff, no other claims have been brought under Fulton's policy. [ECF No. 19–1, pp. 2–3]. Progressive also argues that the policy expired on June 30, 2008, which means that § 95.11(2) would bar any future claims. [ECF No. 19, p. 3].

Under Progressive's statute-of-limitations theory,[8] no other claims can be brought regardless of the Court's ultimate determination as to stacking.

On the other hand, Plaintiff argues that the stacking issue will not just apply to Plaintiff's single personal injury claim, "but will apply to any and all claims under that policy, so long as Fulton Company is a party" and that "unless Fulton Company is a party to this case, Progressive would be able to re-argue the amount of UM coverage under the policy in a future case arising under the policy." [ECF No. 24, pp. 5–6]. Plaintiff also alleges that Fulton is liable for $1,274,047.69 as a result of a workers' compensation award in favor of the Plaintiff and that reformation of the policy "will provide a vehicle for recovery by the Plaintiff of $1 million of his damages[.]" [ECF No. 24, p. 6].

In its sur-reply, Progressive argues that Plaintiff's theory (i.e., that this judgment "would be reduced by $1 million should the court find there to be an additional $1 million in UM benefits available to the plaintiff, thereby impacting Fulton") is without legal support. [ECF No. 75, pp. 2–3 (citing *Progressive Select Ins. Co. v. Steeves*, No. 6:13–cv–1851–Orl–41DAB, 2015 WL 12778341, at *2 (M.D. Fla. Mar. 18, 2015)) (holding that tortfeasors are not entitled to a setoff for any UM benefits paid) ].

Based on the limited briefing provided by Plaintiff on this issue, the Undersigned is unclear on how non-joinder of Fulton would prejudice, impede, reduce, or interfere with this other hypothetical judgment. Plaintiff does not explain how the coverage determination in this suit will affect the other judgment and the Court will not permit divestment of diversity merely to potentially aid Plaintiff in collecting on a judgment in an unrelated case, which may not even be possible under Florida law.

In addition, both parties submitted a significant amount of memoranda discussing how Fulton's corporate status affects its joinder in this lawsuit. Progressive has requested that the Court take judicial notice of public records showing that Fulton was administratively dissolved by the State of Florida on September 24, 2010, for failing to file an annual report. [ECF No. 77]. Progressive argues that under Florida Statute § 607.1622(8), Fulton cannot defend itself in this action or file or defend against subsequent lawsuits stemming from the policy. [ECF No. 19, pp. 4–5]. In the reply, Plaintiff argues that Fulton's administratively dissolved status does not prevent it from prosecuting or defending against a lawsuit that is necessary to wind up the corporation's affairs or prevent a judgment from being entered against it. [ECF No. 24, pp. 2–5].

However, I do not need to opine on Fulton's corporate status to determine whether it can remain a party in this case because this argument is based on the potential prejudice caused to **Fulton**, not Plaintiff. It is true that Fulton may arguably be injured from being brought into a lawsuit where its dissolved status might result in an inability to defend and could potentially be subject to a default judgment. Yet, a nondiverse defendant's status in a lawsuit, i.e. whether it can defend under Florida law, does not directly affect *Plaintiff* one way or the other. Conversely, it does suggest the improbability that a dissolved corporation will bring subsequent lawsuits against Progressive involving the same claim, because it may be impossible for it to do so under Florida law. Either way, non-joinder does not prej-

---

**8.** I will not make a determination as to the statute-of-limitations argument because it is at issue in the pending motions to dismiss before Judge Lenard and is not necessary for my § 1447(e) recommendation.

udice Plaintiff based on *Fulton's* corporate status.

Returning back to the third factor inquiry, Plaintiff has not demonstrated that he would be significantly injured if the amendment is not allowed, or that any of the parties would be injured under the necessary-party test. The third *Hensgens* factor, technically speaking, is a broader and seemingly less-restrictive standard than the necessary-party test. Yet, it is indisputable that Plaintiff did not brief this issue. Therefore, Plaintiff has not demonstrated that he will not be able to obtain full relief on his declaratory and reformation claims in this Court without the presence of Fulton. *See Small*, 923 F.Supp.2d at 1358.

### 4. Other Factors Bearing on the Equities

The equities weigh against remand. The removal statutes are designed to provide defendants with a choice of a state or federal forum, and Progressive has selected a federal forum. *Hensgens*, 833 F.2d at 1182. As Plaintiff has introduced no evidence suggesting he will be harmed if Fulton is not joined in this lawsuit, the balance of the equities favors retaining this case in federal court. *Lord v. Target Corp.*, No. 8:14-CV-1425-T-27TGW, 2015 WL 12863230, at *2 (M.D. Fla. Apr. 8, 2015).

In the event that Judge Lenard determines that the statute of limitations does not bar further claims under this policy, and Plaintiff's potential stacking award is somehow adversely affected by Fulton's non-joinder, which Plaintiff has failed to explain how this would be the case, then Plaintiff may bring other lawsuits against Fulton or other parties in state and federal court. However, the Court's not-yet-made determination on whether stacking applies is not dependent on Fulton's joinder in this lawsuit. *Small*, 923 F.Supp.2d at 1358 (explaining that "plaintiff is free to sue the

additional defendant in state court should she wish to do so").

Although the potential scenario of a parallel lawsuit may cause Plaintiff to bear additional costs and time and does not serve the purpose of judicial economy, the occurrence of such a lawsuit is entirely hypothetical. The Undersigned cannot recommend joinder and that Judge Lenard remand a case based entirely on conjecture.

Thus, after considering the four factors, the Undersigned, exercising discretion, **respectfully recommends** that the District Court **deny** joinder of Fulton to this action under § 1447(e) and **deny** the motion to remand.

### III. DROP FULTON AS A DEFENDANT

Progressive's proposed solution to Plaintiff's improper joinder of Fulton is to, under Rule 21, request that the Court drop Fulton as a party. [ECF No. 37].

The Undersigned notes that Plaintiff's response to Progressive's motion to drop a party adopts and incorporates Plaintiff's response in opposition to Progressive's amended motion to dismiss the amended complaint. [ECF Nos. 41; 43]. I will not consider this improper "response" for two reasons. First, the amended motion to dismiss has not been referred to the Undersigned; thus, I do not have jurisdiction to make a recommendation on that motion or opine on its corresponding filings.

█ Second, Plaintiff has not properly briefed this issue and has asserted this argument only through a vague insinuation. *QSGI Inc. v. Anysystem.com LLC*, No. 06-80442, 2007 WL 2765573, at *1 (S.D. Fla. Sept. 20, 2007) (finding that plaintiff's position was improperly briefed when plaintiff "merely incorporate[s] by reference scattered filings from the dock-

et."). Judges are not required to scour a memorandum to find legal arguments or supporting facts. *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991). *Chavez v. Sec'y Florida Dep't of Corr.,* 647 F.3d 1057, 1061 (11th Cir. 2011).

Thus, the only point I can consider in Plaintiff's response is his one-sentence conclusory statement, asserted without supporting legal authority, that "Progressive's motion to drop party should be denied because Fed. R. Civ. [P.] 21 does not provide a mechanism for a co-defendant to request the dropping of another defendant." [ECF No. 43, p. 1].

Rule 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Eleventh Circuit has found that implementation of Rule 21 is left to the sound discretion of the trial court. *Lampliter Dinner Theater, Inc. v. Mutual Ins. Co.,* 792 F.2d 1036, 1045 (11th Cir. 1986) (citing *Williams v. Hoyt,* 556 F.2d 1336, 1341 (5th Cir. 1977)).

 The plain language of Rule 21 does not bar a defendant from bringing a motion to drop a party. In fact, many district courts have granted such motions brought by defendants. *DIRECTV, Inc. v. Kitzmiller,* No. CIV.A. 03-3296, 2004 WL 834703, at *1 (E.D. Pa. Mar. 31, 2004) (granting a defendant's motion to sever/drop another defendant pursuant to Fed. R. Civ. P. 20 and 21); *Blaske v. Burger King Corp.,* No. CIV. 4-91-243, 1991 WL 238998, at *2 (D. Minn. Oct. 9, 1991) (finding that Pillsbury and Martin are dispensable parties, and defendant Burger King's motion to drop them is granted); *Nash v. Hall,* 436 F.Supp. 633, 635 (W.D. Okla. 1977) (concluding that defendant Carter is not an indispensable party under Rule 19 and granting other defendants' motion to drop Carter as a defendant on this basis).

Accordingly, the Undersigned recommends that the District Court **grant** Progressive's motion to drop Fulton as a party to maintain federal jurisdiction.

## IV. CONCLUSION

The Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's motion to remand, **grant** Progressive's motion to drop a party, and **deny as moot** Progressive's motion to realign the parties.

## V. OBJECTIONS

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Henley v. Johnson,* 885 F.2d 790, 794 (1989); 11th Cir. R. 3–1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on July 18, 2017.